GLEN FALLS INSURANCE COMPANY v. WM. E. HAWKINS.

No. 2132.   Decided April 13, 1910.

**Insurance—Permit to do Business—Reinsurance.**

The requirement by article 3075, Revised Statutes, as amended by Act of April 13, 1905 (Laws 29th Leg., ch. 80, p. 113) that an insurance company taking a risk exceeding ten percent of its paid up capital stock shall reinsure such risk in some other solvent company authorized under the law to do business in Texas, applies to risks taken by such company in another State, as well as to those in Texas, and when a company had taken a risk of such amount in the State of New York and which it was permitted to do by the laws of that State, without so reinsuring it, the Commissioner of Insurance was justified under the Statute in refusing to renew its permit to do business in Texas.

Original application to the Supreme Court by the Glen Falls Insurance Company for a writ of mandamus requiring Hawkins, as Commission of Insurance, to issue it a permit to do business in Texas.

*Crane & Crane,* for relator.—A statute is not to be construed as applying to acts done outside of the jurisdiction of the Legislature enacting the statute, except in cases where an intention to have the statute applied to any extra territorial acts appears on the face of the statute, either in express words or by necessary implication. Bond v. Jay, 7 Cranch, 350; 26 Am. & Eng. Ency. Law, (2d ed.), 643; Van Voorhis v. Brintnall, 86 N. Y., 18; Sims v. Sims, 75 N. Y., 466; Beach v. Bay State Steamboat Co., 30 Barber, 433; Davis v.

N. Y. & New Eng. Ry., 143 Mass., 301; Regina v. Jamison, 2 Q. B., 430; Endlich on Interpretation of Statutes, secs. 169, 171.

*Jewell P. Lightfoot,* Attorney-General, and *C. A. Liddy,* Assistant, for respondent.

MR. JUSTICE BROWN delivered the opinion of the court.

Relator filed a petition in this court praying that a writ of mandamus be issued to Wm. E. Hawkins, Commissioner of Insurance and Banking, commanding him to issue to relator a permit to do business in Texas, alleging compliance with the requirements of the law. It is not necessary to set out the allegations of the petition more fully.

Respondent answered, justifying his refusal under article 3075, Revised Statutes, as amended by chapter 80 of the laws of the Twenty-Ninth Legislature, page 113. The portions of the article relied upon read:

"(1) No fire, fire and marine, marine or inland insurance company doing business in this State shall expose itself to any one risk, except when insuring cotton in bales and grain, to an amount exceeding ten percent of its paidup capital stock, unless the excess shall be insured by such company in some other solvent insurance company legally authorized to do business in this State.

"(2) Every fire, fire and marine, marine or inland insurance company doing business in this State may reinsure the whole or any part of any policy obligation in any other insurance company legally authorized to do business in this State. The Commissioner of Agriculture, Insurance, Statistics and History shall require every year from every insurance company doing business in this State a certificate sworn to before an officer legally qualified to administer oaths in the State of Texas, to the effect that no part of the business written by such company in this State has been reinsured in whole or in part by any company, corporation, association or society not authorized to do business in this State. Every insurance company doing business shall also furnish the Commissioner of Agriculture, Insurance, Statistics and History with a list of all reinsurances during the year in authorized companies, showing the name, amount and premium effected in each company.

"(3) Any insurance company authorized to transact the business of fire, fire and marine, marine and inland insurance in this State failing to comply with the provisions of this Act shall forfeit its authority to do such business for a period of one year, and it is hereby made the duty of the Commissioner of Agriculture, Insurance, Statistics and History to investigate any complaint as to violation of said Act; and upon satisfactory proof that any company authorized to transact the business of fire, fire and marine, marine or inland insurance in this State has violated the provisions of this Act, the said Commissioner shall revoke the certificate of authority of the offending company."

Relator alleged, in substance, that it had a permit to transact business in Texas for the year 1909 which expired and it applied to respondent Commissioner of Insurance and Banking for a permit to

transact its business in Texas for the year 1910, complying in all respects with the law in making said application, but said Commissioner refused to grant the permit on the ground only that relator had issued a policy in the State of New York upon a hotel building for $100,000.00, being in excess of ten percent of its capital stock which is $200,000.00. It is alleged that relator has a surplus of $2,433,826.00, and that by the laws of New York it was permitted to take the said risk.

The contention of relator is that the Texas statute copied above does not apply to risks taken upon property situated in another State. The statute does not forbid the taking of risks in excess of ten percent of the capital stock, but requires that the excess of such risk shall be reinsured in some solvent company authorized to transact business in this State. The language is too definite to admit of the limited construction sought to be placed upon it. The policy for enacting the law, whether good or bad, was a question for the Legislature and the courts can not consider it. The Commissioner is empowered to revoke an existing permit when an insurance company violates the law and may refuse to grant a permit for the same reason.

The writ of mandamus is refused.

*Mandamus refused.*