

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

GERALD C. MANN
XXXXIIXXXXXXXXXX
ATTORNEY GENERAL

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. O-4838
Re: Can the Board of Insurance Commis-
sioners properly limit the amount
of a single risk to which a United
States Branch of an alien insurer
licensed in Texas may expose it-
self without reinsurance in the
manner provided in Article 4932?

Your letter of September 5, 1942, presenting the above question for
an opinion of this department, reads:

"Article 4932, Section 1, sets the limit to which a fire, fire and
marine, marine or inland insurer, may expose itself to a single risk with-
out reinsurance at ten percent of its paid up capital.

"The United States Branches of alien companies have no capital stock.
Each Branch licensed in Texas is certified by the New York Superintendent
of Insurance to have complied with Section 104 of the New York Insurance
Law of 1939, requiring the maintenance of minimum deposits with the proper
state officers for the benefit of all its policyholders and creditors in
the United States. This deposit is a capital account, and when made, has
heretofore been construed to be analogous to the capital stock requirement
of our Article 4993 as one of the predicates to do business in Texas. On
showing of satisfactory condition of the affairs of the United States
Branches (without regard to the parent companies abroad) by examination or
annual statement, and the meeting of other conditions not pertinent here,
the Branches have been licensed in this state under Articles 4686 and 4919.

"Each of the branches operating in Texas is also licensed in New York,
and its requirement of maintenance of 'Trusteed Surplus' has been com-
plied with, as set out and fully defined in Section 96 of its 1939 laws.

"Will you kindly advise me whether this Department may properly limit
the amount of a single risk to which a United States Branch of an alien
insurer licensed in Texas may expose itself without reinsurance in the
manner provided in Article 4932; and if so, whether the ratio of the risk
shall be to the 'statutory deposit' described in Section 104 or to the
'Trusteed Surplus' as defined in Section 96 of the New York Insurance Laws
of 1939."

Article 4932, Section 1, Revised Civil Statutes, 1925, provides:

"No fire, fire and marine, marine or inland insurance company doing business in this State shall expose itself to any one risk, except when insuring cotton in bales, and grain, to an amount exceeding ten per cent of its paid up capital stock, unless the excess shall be insured by such company in some other solvent insurance company legally authorized to do business in this State."

The above quoted section of Article 4932 was originally enacted by the Acts of 1875, 14th Legislature, being at that time a part of Section 8 of Chapter 31 of said Acts from which section, our present Article 4919 is taken. By its language as enacted, such limitation extended to not exceeding ten percent (10%) of the "paid up capital" of such companies. This provision so worded was brought forward in both the Revised Statutes of 1879 and 1895 as Articles 2957 and 3075, respectively. By the Acts of 1905, 29th Legislature, Chapter 80, this Article was amended by adding several sections and as it now appears in Section 1, the term "paid up capital stock" was adopted in lieu of "paid up capital".

It is pointed out by you that the United States branches of the alien companies have no capital stock. Regardless of what distinction, if any, should be made, it is apparent by the change as above noted, that neither of the terms, "paid up capital" nor "paid up capital stock" are to be construed as equivalent to and meaning statutory deposits or trusteed surpluses in or defined by the laws of a particular foreign state.

Such companies as named in this Article are governed by the provisions of Chapter 11, Title 78 of the Revised Civil Statutes, 1925, wherein is contained Article 4919 and we fail to find any statutory authority for the Board of Insurance Commissioners to accept the deposits made by United States branches of alien companies in the State of New York as either their "capital" or "capital stock" within the purview of this statute.

This statute limits the risks to which such character of insurance companies may be exposed to ten percent (10%) of its paid up capital stock. It is apparent that such alien branch companies must be considered as having no paid up capital stock. It seems to us that any application of this statute as would construe the term "paid up capital stock" as meaning statutory deposits or trusteed surpluses made in and defined under the laws of any particular foreign state appears to have been refuted by the Supreme Court in Glens Falls Insurance Company v. Hawkins, 126 S. W. 1114. Although a stock company was there involved, the Court held that the surplus it could show of $2,433,826, and urged as a permissible basis of limitation of risks under the laws of New York, was not to be considered, and therefore the Court refused to mandamus the Commissioner of Insurance to issue a certificate to this foreign company who had violated the statute.

We are not to be understood as holding herein that Article 4932, supra, does not apply to such alien branch companies nor do we undertake to decide that there has been any violation of this statute. We have understood and discussed your request solely upon the assumption that you would enforce this statute to one or the other capital accounts required and designated under the laws of New York as "statutory deposit" or trusteed surplus", neither of which are within the meaning of "paid up capital stock" as used in this statute.

You are therefore respectfully advised that in the opinion of this department, the Board of Insurance Commissioners is not authorized to accept the statutory deposit or the trusteed surplus made in and as defined by the State of New York by United States branches of alien companies doing business in Texas as its "paid up capital stock" within the provisions of Article 4932, Revised Civil Statutes of Texas, as same limits any one single risk to which such character of companies named therein may be exposed.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  s/Wm. J. R. King
Wm. J. R. King
Assistant

WJRK:mp-wc

APPROVED  OCT. 24, 1942

S/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
 OPINION
COMMITTEE
BY BWB
Chairman