Frank B. McGREGOR, Petitioner,

v.

James F. CLAWSON et al., Respondents.

Nos. 5301, 5303.

Court of Civil Appeals of Texas, Waco.

Feb. 21, 1974.

Rehearing Denied March 14, 1974.

See also Tex.; 487 S.W.2d 693.

**924**

Beard & Kultgen, Waco, for petitioner.

Davis Grant, Austin, for respondents.

OPINION

JAMES, Justice.

This cause encompasses applications for writs of mandamus and prohibition growing out of a disbarment suit.

The pertinent background facts leading up to the matters now before us appear to be undisputed, and are as follows: Petitioner Frank B. McGregor is and has been at all times material to this controversy a resident of Hill County, Texas, and an attorney at law duly licensed under the laws of the State of Texas. He is and has been at all times material hereto the duly elected, qualified, and acting District Attorney in and for the 66th Judicial District of Texas, composed of Hill County, Texas.

A petition for disbarment was originally filed in Hill County, Texas, at the behest of the appropriate State Bar Grievance Committee by the State Bar of Texas against Petitioner McGregor, and non-suited by the State Bar in November of 1972. A new petition was filed against McGregor at the behest of the Grievance Committee in February of 1973. Trial was had to a jury in June of 1973, which lasted approximately two weeks, and resulted in a mistrial because of the inability of the jury to agree upon a verdict. In September 1973, the State Bar moved the trial court for a change of venue on the grounds of prejudice against the Plaintiff State Bar and a combination against it instigated by influential persons so that Plaintiff could not expect or obtain a fair and impartial trial. This motion was controverted by McGregor. After a hearing, Respondent, the Honorable James F. Clawson, the trial judge presiding over the 66th Judicial District Court of Hill County, Texas, granted the motion for change of venue, and ordered the cause transferred to the 52nd Judicial District Court of Coryell County, Texas, which order reads as follows:

"Findings of Fact

Be it remembered that on this the 30th day of October, 1973 came on to be consid-

ered the motion of the plaintiff herein for Change of Venue, and the Court having heard evidence and argument of counsel finds the following facts, to-wit:

1. The publicity in Hill County, Texas and surrounding areas concerning this and related cases has been very extensive and highly partisan in nature.

2. The defendant has been involved in very intensive political activity in Hill County during the pendency of this cause.

3. A polarization of opinion has occurred in Hill County, Texas to such an extent that a substantial segment of the population of the county is, either consciously or subconsciously, committed to being either 'for' or 'against' Frank McGregor.

4. There exists in Hill County so great a prejudice against the plaintiff that the plaintiff cannot obtain a fair and impartial trial.

5. There exists in Hill County so great a prejudice against the defendant that the defendant cannot obtain a fair and impartial trial.

6. The defendant Frank McGregor deliberately participated in the publicizing of this case by writing and procuring the distribution of his 'Open Letter to the Citizens of Hill County' during the pendency of this case and at a time when public interest was at a peak on June 21, 1973, thereby estopping himself from complaining of plaintiff's motion.

## "CONCLUSIONS OF LAW

1. The Right to Change of Venue as provided by Rule 257 of the [Texas] Rules of Civil Procedure, and Article 3, #45 of the Constitution of the State of Texas [Vernon's Ann.St.] is not prohibited by the opening sentence of Article 320a-1, Section 6 [Vernon's Ann.Civ.St.].

2. The Right to Change of Venue is not prohibited by Section 5 of Article 320a-1.

3. Both Section 5 and Section 6 of Article 320a-1 are subject to the broader considerations contemplated by Rule 257 and Article 3, #45 of the Constitution.

4. So much of Section 6 of Article 320a-1 as reads, 'nor shall any attorney be *suspended* until such attorney has been convicted of the charge pending against him, in a court of competent jurisdiction in the county of such attorney's residence' is vague and indefinite in that the use of the term suspended does not contemplate the full range of discipline applicable in disbarment cases (reprimand, suspension, or disbarment). If taken in the strict legal sense, this prohibition would seem not to prohibit the Change of Venue in a case for *Disbarment,* and might be taken to be only a limitation upon the discipline to be administered in a case tried outside the county of the defendant's residence. If taken in the sense of common usage, the term suspension could be taken to include 'reprimand, suspension, or disbarment'.

5. The Court has an inherent, constitutional, and statutory right to change venue in order to afford a fair and impartial tribunal for the trial of the case. The wording of Section 6, if given the effect the defendant urges, would create an unreasonable restriction upon the court's jurisdiction to change venue in order to insure to all parties a fair and impartial trial. It would also have the effect of creating a privileged class composed of licensed attorneys, placing them beyond the reach of what is considered to be one of the very basic processes of the judicial branch of our system of government. This classification is clearly unreasonable and cannot be justified as being necessary in proceedings of this nature.

6. The defendant in this case could without question secure a change of venue, should he desire to do so.

For the reasons listed in the foregoing paragraphs, so much of Section 6 of Article 320a–1 as is set out in No. 4 is found to be unconstitutional when applied to the facts in this case.

7. The right to trial by jury in a county of one's residence is subject to waiver, and the defendant by his conduct in publishing his 'Open Letter to the Citizens of Hill County' effectively waived any right he had to object to the motion of the plaintiff herein.

For the foregoing reasons, the motion of the plaintiff for Change of Venue is granted, and this cause of order transferred to the 52nd Judicial District in Coryell County, Texas for trial.

Entered this 9th day of November.

/s/ J. F. Clawson
Presiding Judge
66th Judicial District"

After the entry of the trial court's order as hereinabove quoted, Petitioner McGregor filed in the Tenth Court of Civil Appeals a Motion for leave to file his application for Writ of Prohibition, followed three days later by his application for leave to file his application for Writ of Mandamus, in effect asserting that the trial court's order changing venue was and is a void order, that said order is a non-appealable order, and that the trial court has refused to proceed to trial in Hill County. In Petitioner's applications and briefs, he prays that said court should be prohibited from changing the venue out of Hill County; that said court be required to vacate his order purporting to so change the venue from Hill County, "to retain the same for trial on the docket of the 66th District Court," and that said court be required to proceed to trial.

In arriving at a disposition of the problems presented, we deem it necessary to quote from the following provisions:

Article 320a–1, Vernon's Civil Statutes, is cited as the State Bar Act, which among other things creates the State Bar, declares it to be an administrative agency of the Judicial Department of the state, provides for its government and sets out its powers, particularly over its membership, composed of the persons licensed to practice law in the State of Texas. It authorizes the Supreme Court to prepare and propose rules and regulations for disciplining, suspending and disbarring attorneys at law, among other things.

Then in Sections 5 and 6 of the State Bar Act, the Legislature saw fit to make the following provisions:

"Right of trial by jury not to be abrogated in disbarment proceedings.

"Sec. 5. The Supreme Court of Texas shall not adopt or promulgate any rule or regulation abrogating the right of trial by jury in disbarment proceedings, in the county of the residence of the defendant.

"Venue; conviction in court prerequisite to suspension; appeal; probation; disbarment.

"Sec. 6. No disbarment proceeding shall be instituted against any attorney except in the district court located in the county of said attorney's residence, nor shall any attorney be suspended until such attorney has been convicted of the charge pending against him, in a court of competent jurisdiction in the county of such attorney's residence. Provided, however, upon proof of conviction of an attorney in any trial court of any felony involving moral turpitude or of any misdemeanor involving the theft, embezzlement, or fraudulent appropriation of money or other property, the district court of the county of the residence of the convicted attorney shall enter an order suspending said attorney from the practice of law during the pendency of any appeal from said conviction. An attorney who has been given probation after such conviction shall be suspended

from the practice of law for the period of his probation. Upon proof of final conviction of any felony involving moral turpitude or of any misdemeanor involving theft, embezzlement, or fraudulent appropriation of money or other property, where probation has not been given or has been revoked, the district court of the county of the residence of the convicted attorney shall enter a judgment disbarring him."

Article 3, Section 45 of the Texas Constitution provides:

"The power to change the venue in civil and criminal cases shall be vested in the courts, to be exercised in such manner as shall be provided by law; and the Legislature shall pass laws for that purpose."

Rule 257, Texas Rules of Civil Procedure, provides:

"A change of venue may be granted in civil causes upon application of either party, supported by his own affidavit and the affidavit of at least three credible persons, residents of the county in which the suit is pending, for any following cause:

(a) That there exists in the county where the suit is pending so great a prejudice against him that he cannot obtain a fair and impartial trial.

(b) That there is a combination against him instigated by influential persons, by reason of which he cannot expect a fair and impartial trial.

(c) For other sufficient cause to be determined by the court."

Rule 816, Texas Rules of Civil Procedure, provides:

"These rules shall not be construed to extend or limit the jurisdiction of the courts of the State of Texas nor the venue of actions therein."

Article 1824, Vernon's Civil Statutes, dealing with the jurisdiction of Courts of Civil Appeals regarding writs of mandamus, provides:

"Said Courts or any Judge thereof, in vacation, may issue the writ of Mandamus to compel a Judge of the District or County Court to proceed to trial and judgment in a cause, returnable as the nature of the case may require."

■ At the outset, we should point out that the trial court's order purporting to change the venue from Hill County to Coryell County under the provisions of Rule 257 is interlocutory and non-appealable. Long v. Humble Oil and Refining Co. (Tex.Sup.Ct.1964) 380 S.W.2d 554. Therefore the Petitioner in the cases now before us would not have the remedy of appeal available to him until the disabarment cause shall have been tried on its merits in Coryell County. Petitioner has asserted this as an argument favoring extraordinary relief, and calls our attention to Article 12, Section 30, State Bar Rules, denying the suspended or disbarred attorney the right to supersede the judgment pending appeal, and providing for the suspension of such suspended or disbarred attorney pending appeal.

■ In the cases at bar, we must look to the intent of the Legislature in determining whether the venue provisions of the State Bar Act prevail over Rule 257. In our opinion, we believe and hold that the Legislature intended for the venue provisions of Sections 5 and 6 of Article 320a–1 (State Bar Act) to control over Rule 257 (change of venue rule). In the first place, the venue provisions of the State Bar Act are *particular* in nature, and apply to specific fact situations encompassed by the State Bar Act; whereas Rule 257 is *general* in nature, and applies generally to all civil litigation. See Gambill v. Town of Ponder (Tex.Sup.Ct.1973) 494 S.W.2d 808.

Rule 257 is taken verbatim from old Article 2170, Vernon's Texas Civil Statutes. Article 2170 was repealed with the adoption of the "new" Rules of Civil Proce-

dure, effective September 1, 1941. See Acts 1939, 46th Leg., p. 201.

◼ The first sentence of Section 6 of Article 320a–1, drawn in question by Respondents, was enacted in its present language effective April 19, 1939, as a part of the original State Bar Act of this state. Section 8 of the original act provided:

"All laws or parts of laws in conflict with this act . . . are hereby repealed." See Acts 1939, 46th Leg. p. 64. A general repealing clause is effective to repeal prior enactments to the extent that they are inconsistent with, or repugnant to, the terms of the later statute. See 53 Tex.Jur.2d, "Statutes", par. 96, p. 142, and the cases therein cited. Applying the foregoing rule of construction to the case at bar, the Legislature by express language declared its intent that Section 6 of the State Bar Act (fixing venue in the county of the attorney's residence) should prevail over the then Article 2170 (providing for change of venue in civil cases); and to the extent that Article 2170 (now Rule 257) should conflict therewith, that Section 6 would control and override the present Rule 257.

◼ Moreover, it is clear that the State Bar Act was intended to result in a new and comprehensive system regulating the practice of law in Texas. The intent and purpose of the Legislature was to provide for a full and comprehensive set of laws to cover completely the practice of law, and regulation of and disciplining of lawyers. See State v. Dancer (Corpus Christi CA 1965) 391 S.W.2d 504, error refused NRE.

◼ Our Supreme Court has laid down the rule that where the cause of action and remedy for its enforcement are derived not from the common law but from the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects, or the action is not maintainable. Mingus v. Wadley (1926) 115 Tex. 551, 285 S.W. 1084; Alpha Petroleum Co. v. Terrell (Comm.App.1933) 122 Tex. 257, 59 S.W.2d 364 opinion adopted by the Su-

preme Court; Schwantz v. Texas Department of Public Safety (Waco CA 1967) 415 S.W.2d 12, error refused.

◼ The State Bar Act is purely a creature of statute, prescribing the machinery and procedure by which the State Bar has been empowered to bring and maintain the disbarment suit in question. But for the statute, the State Bar and District Grievance Committee would have no existence. Where a statute creates a right and provides a remedy for its enforcement, the remedy is exclusive, and where it confers jurisdiction upon a particular court, that jurisdiction is exclusive. Mingus v. Wadley, supra.

◼ The provisions of Sections 5 and 6 of the State Bar Act clearly and unequivocally fix the venue of the disbarment case in question in the county of residence of the Defendant, to-wit, in Hill County, Texas, and such provisions confer exclusive jurisdiction on such county, and same are not mere venue provisions. *Schwantz,* supra. Such provisions are well within the power of the Legislature to so provide, since in Burns v. State (Comm.App.1937) 129 Tex. 303, 103 S.W.2d 960, 961, opinion adopted, our Supreme Court acknowledged that the Legislature may regulate the right to disbar attorneys "and confer upon particular courts the statutory power and jurisdiction to disbar."

For the reasons above stated, we believe the trial court's order as hereinabove set out was a void order, in contravention of legislative intent as expressed and provided for by Article 320a–1, Sections 5 and 6.

◼ Respondents have attacked the constitutionality of portions of Section 6 of the State Bar Act, saying that if Section 6 be interpreted as an absolute prohibition to changing venue, that such section is unconstitutional as an unwarranted legislative encroachment upon the power of the courts to assure all litigants a fair and impartial trial. We overrule this contention. The constitutionality of a statute must be sus-

tained by the courts unless its invalidity is apparent beyond a reasonable doubt. Trapp v. Shell Oil Co. (Tex.Sup.Ct.1946) 145 Tex. 323, 198 S.W.2d 424; State v. City of Austin (1960) 160 Tex. 348, 331 S.W.2d 737. No invalidity of this statute appears to us.

Respondents' argument attacking the constitutionality of the venue provisions of the State Bar Act may be summarized as follows: If Sections 5 and 6 of the State Bar Act override Rule 257, then those sections deny the Grievance Committee a "fair trial" and thereby deprive said Committee of its right to due process under our Federal and State Constitutions. They say that McGregor is entitled to the benefits of Rule 257 and could secure a change of venue if he so desired and moved therefor; and this being so, that Sections 5 and 6 deny the Grievance Committee its constitutional guarantee of equal protection of the laws. We do not agree with this argument.

■ When we speak of the term "fair trial", to be accurate we should mean a trial conducted within the framework of procedural and substantive rules prescribed by law for the circumstances and parties of a given case. Anything more or less than this is "a travesty upon justice and, if upheld, a disgrace to the law." See City of Abilene v. Downs (Tex.Sup.Ct.1963) 367 S.W.2d 153, 156. As applied to the case at bar, a "fair trial" must necessarily be one which takes place in the county of the Defendant Attorney's residence.

■ The State Bar and its Grievance Committees exist solely by virtue of the exercise of the power of the State, acting through its legislative department. They are administrative agencies of the State. Section 2(a) of the State Bar Act; State v. Sewell (Tex.Sup.Ct.1972) 487 S.W.2d 716, 718. The Legislature could at any time terminate their existence and provide other and different means for handling of the matters now entrusted to them. They (the State Bar and Grievance Committees) are creatures of the State. An agency created by a State for the better ordering of government has no privileges, immunities, or rights under the State and Federal Constitutions which it may invoke in opposition to the will of its creator. See Williams v. Mayor and City Council of Baltimore (1933) 289 U.S. 36, 53 S.Ct. 431, 432, 77 L.Ed. 1015; City of Trenton v. New Jersey (U.S.Sup.Ct.1923) 262 U.S. 182, 43 S.Ct. 534, 537, 67 L.Ed. 937. In other words, a State has no standing to assert that one of its very own legislative enactments denies it constitutional due process or deprives it of equal protection of the laws. The same rule applies to the State's agencies.

■ Respondents argue that Sections 5 and 6 in fixing venue are unfair, unjust, and unwise insofar as the State Bar and Grievance Committee are concerned. Even if this is true, these sections cannot be declared invalid for these reasons.

"It is the duty of a court to give to language used in a statute the meaning with which it was used by the legislature if this can be ascertained; and to do this, if the words used be not such as have a peculiar meaning when applied to a given art or trade with reference to which they are used in the statute, the only safe rule is to apply to them their ordinary meaning, for the legislature must be presumed to have used them in that sense in which they are ordinarily understood; and if, so applying them, the legislation in which they are found seems to be harsh, or not to embrace and give remedies for acts for which remedies ought to be given, the courts, for such reasons, are not authorized to place on them a forced construction for the purpose of mitigating a seeming hardship, imposed by a statute, or conferring a right which the legislature had not thought proper to give. It is the duty of a court to administer the law as it is written, and not to make the law; and however harsh a statute may seem to be, or whatever may seem to be its omission, courts cannot, on such considerations, by construction sustain its operation,

or make it apply to cases to which it does not apply, without assuming functions that pertain solely to the legislative department of the government." Turner v. Cross (Tex.Sup.Ct.1892) 83 Tex. 218, 18 S.W. 578, 579.

"It must be remembered that legislatures are ultimate guardians of the liberties and welfare of the people in quite as great a degree as the courts." Missouri, K. and T. Ry. Co. v. May (U.S.Sup.Ct.1904) 194 U. S. 267, 24 S.Ct. 638, 639, 48 L.Ed. 971. "There is a strong presumption that a Legislature understands and correctly appreciates the needs of its own people, that its laws are directed to problems made manifest by experience." Texas National Guard Armory Board v. McCraw (Tex. Sup.Ct.1939) 132 Tex. 613, 126 S.W.2d 627, 634.

■ Whether or not constitutionally sound legislation is fair, wise, just, harsh, complete, adequate, inconvenient, mischievous, expedient, necessary, desirable, or good policy must be decided by the Legislature and not by the courts. Pecos & N. T. R. Co. v. Cox, 104 Tex. 556, 140 S.W. 1078 (1911); Koy v. Schneider, 110 Tex. 369, 221 S.W. 880, 891 (1920); Vaughan v. Southwestern Surety Ins. Co., 109 Tex. 298, 206 S.W. 920, 921 (1918); Glens Falls Ins. Co. v. Hawkins, 103 Tex. 327, 126 S. W. 1114, 1115 (1910); Friedman v. American Sur. Co. of N. Y., 137 Tex. 149, 151 S.W.2d 570, 580 (1941); Board Of Ins. Com'rs. v. Guardian Life Ins. Co., 142 Tex. 630, 180 S.W.2d 906, 909 (1944); Turner v. Cross, supra; State ex rel. Edwards v. Reyna, 160 Tex. 404, 333 S.W.2d 832, 838 (1960); Smith v. Davis (Tex. Sup.Ct.1968) 426 S.W.2d 827, 831; Texas State Bd. Of Barber Exam. v. Beaumont Bar. Col. (Tex.Sup.Ct.1970) 454 S.W.2d 729, 732; State v. Jackson (Tex.Sup.Ct. 1964) 376 S.W.2d 341, 346.

In the light of the above reasoning and authorities, we hold the venue provisions of the State Bar Act to be constitutional.

■ In view of our determination that the trial court's order in question is void, we next come to a determination of whether this court should issue a Writ of Mandamus under the provisions of Article 1824, as hereinabove quoted. A Writ of Mandamus will lie to compel the trial judge to proceed to trial, where such trial court refused to proceed to trial in reliance upon a void order. Fulton v. Finch (1961) 162 Tex. 351, 346 S.W.2d 823. Also see State v. Sewell (Tex.Sup.Ct.1972) 487 S. W.2d 716 at p. 718.

■ In the light of the above decisions we accordingly hold that a Writ of Mandamus properly lies in the case at bar under Article 1824 as follows: to compel the trial court (1.) to set aside or disregard the order changing venue in question, and (2.) to proceed to trial and judgment in the disbarment suit in Hill County, Texas, taking into account the status of the docket of the District Court of Hill County, Texas. In the present case, we have no reason to suppose the trial court upon receipt of this court's opinion will refuse to so set aside his order and proceed to trial in Hill County. For this reason, a Writ of Mandamus will issue only in the event that the trial court should not perform the above-described acts. Accordingly, the Writ of Mandamus is conditionally granted.

■ Article 1823, Vernon's Civil Statutes, provides that Courts of Civil Appeals and the judges thereof "may issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts." Having the power under Article 1824 to issue the writ of mandamus to compel the respondent to proceed to trial, we necessarily possess the correlative authority under Article 1823 to issue the writ of prohibition to protect that power and make it effective. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, 1068 (1926). However, both sides stated in oral argument that no action has been taken towards physically transferring the court papers out of Hill County, and we therefore do not deem it necessary to issue the writ of prohibition.