**H. Dale BAILEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 18108.**

Court of Civil Appeals of Texas, Fort Worth.

Dec. 28, 1978.

Rehearing Denied Jan. 18, 1979.

H. Deloyd Bailey, Wichita Falls, for appellant.

Davis Grant, State Bar of Texas, and Gary McNeil, Austin, for appellee.

## OPINION

SPURLOCK, Justice.

Appeal from the denial of an injunction to enjoin grievance committee from prosecuting suit to disbar an attorney after he was convicted of theft. Question is whether automatic suspension after felony probation pursuant to Tex.Rev.Civ.Stat.Ann. art. 320a–1 § 6 (1973) (State Bar Act) is exclusive so as to prohibit a subsequent suit to disbar. Trial court held that although the section is automatic and mandatory, it is not exclusive.

We affirm.

## FACTS

H. Dale Bailey is an attorney licensed to practice law in Texas. He was convicted in Wichita County of felony theft over $10,-000.00. He was assessed a four year sentence probated for four years. The grievance committee states in its brief that Bailey was suspended from the practice of law as one of the terms of his probation. After successfully completing about one-third of his probation he was dismissed therefrom on February 3, 1978.

On May 24, 1978 the grievance committee for State Bar Dist. No. 14A filed suit in Wichita County to disbar Bailey, asserting the theft as grounds. Bailey answered by a general denial and filed in the same cause an original petition for writ of injunction to enjoin the committee from prosecuting their suit to disbar. The trial court rendered a show cause order on the petition for injunction and held a hearing on the merits. The court denied Bailey's petition.

## ON MOTION TO DISMISS THE APPEAL

The committee moves to dismiss Bailey's appeal claiming we have no jurisdiction. It claims his petition is nothing more than a plea of res judicata which should have been pled as an affirmative defense under Tex.R. Civ.P. 94. It would have us construe the trial court's order denying his petition as a denial of a plea of res judicata. The committee correctly states that a denial of a plea of res judicata is a non-appealable, interlocutory order. They, therefore, conclude we lack jurisdiction to hear the appeal. We disagree.

■ It is well settled that injunctions preventing litigation are never favored and are to be used very sparingly. We want the door to remain closed which bars would-be defendants from frivolously seeking to enjoin plaintiffs from prosecuting legitimate causes of action against them and delaying disposition of the cases by frivolous appeals. The enjoining of the prosecution of a suit has very limited application. It has been authorized to prevent a multiplicity of suits; to avoid vexatious litigation; or to prohibit the use of judicial process for the purpose of harassment. *University of Texas v. Morris*, 162 Tex. 60, 344 S.W.2d 426 (1961).

■ After carefully reviewing Bailey's petition, we conclude it would be unjust to construe it as merely a plea of res judicata. Certainly, the ideas of res judicata and double jeopardy are at the heart of Bailey's petition. Double jeopardy is not actually alleged because it obviously does not apply, but the tenor of Bailey's complaint advances that doctrine. His petition alleges that injunctive relief is warranted to prevent a multiplicity of suits, and because the committee's action is vexatious, frivolous, without authority, and calculated to embarrass and harass him. If proven these allegations would seem to support the issuance of an injunction.

Further, the record reflects the parties and court all considered Bailey's pleadings as a petition for a writ of injunction. The record is void of any indication that anyone treated Bailey's petition as a plea of res judicata.

Basic to our overruling of the committee's motion to dismiss are the facts that

Bailey's petition raises a legitimate question of law and if disbarred he would be suspended during any appeal. Bailey's petition raises the issue of whether the automatic and mandatory suspension of any attorney convicted of a felony and given probation is exclusive so as to prohibit a subsequent suit to disbar. This is obviously an important question over which reasonable minds differ. Also we note that should Bailey be disbarred, he would be suspended from the practice of law during any appeal. Tex.Rev.Civ.Stat.Ann. Title 14 App. art. 12 § 30 (1973) (State Bar Rules) provides he cannot practice law, supersede or otherwise suspend the judgment during appeal. It is these two facts which gives legitimacy to his petition, and but for them we would have granted the committee's motion.

The committee's motion to dismiss the appeal for want of jurisdiction is overruled.

## ON THE MERITS OF THE APPEAL

Bailey bases his appeal on the single point of error that the trial court improperly denied his petition for a writ of injunction because it erroneously concluded that suspension pursuant to Tex.Rev.Civ.Stat.Ann. art. 320a–1 § 6 (1973) (State Bar Act) is not exclusive.

Tex.Rev.Civ.Stat.Ann. art. 320a–1 § 6 (1973) (State Bar Act) provides:

> No disbarment proceeding shall be instituted against any attorney except in the district court located in the county of said attorney's residence, nor shall any attorney be suspended until such attorney has been convicted of the charge pending against him, in a court of competent jurisdiction in the county of such attorney's residence. Provided, however, upon proof of conviction of an attorney in any trial court of any felony involving moral turpitude or of any misdemeanor involving the theft, embezzlement, or fraudulent appropriation of money or other property, the district court of the county of the residence of the convicted attorney shall enter an order suspending said attorney from the practice of law during the pendency of any appeal from said

conviction. An attorney who has been given probation after such conviction shall be suspended from the practice of law for the period of his probation. Upon proof of final conviction of any felony involving moral turpitude or of any misdemeanor involving theft, embezzlement, or fraudulent appropriation of money or other property, where probation has not been given or has been revoked, the district court of the county of the residence of the convicted attorney shall enter a judgment disbarring him.

Bailey contends this section is automatic, mandatory, and exclusive. The committee agrees that it is automatic and mandatory to the extent that when a proper party brings by proper pleading a summary proceeding, proving conviction and probation, the district court must suspend. The committee claims, however, that Bailey's suspension was a term of his probation in his criminal proceeding, and that there is no evidence that he was ever suspended in the civil summary proceeding contemplated by § 6.

█ It is our opinion that § 6 provides for automatic suspension by operation of law. That is when an attorney has been convicted of a crime described in the section and is given probation he is automatically suspended by operation of law, whether a summary proceeding is had or whether the district court of the county of the attorney's residence renders an order or not. We believe the legislature desires to make sure the public is protected against an attorney who has been convicted of a crime described in the statute. It intended that the attorney be suspended upon being granted probation automatically. The legislature wanted to protect the public without regard to whether the grievance committee of a particular district is diligent in bringing summary proceedings against convicted attorneys receiving probation. Therefore, we reject the committee's position and hold that Bailey was suspended pursuant to § 6 by operation of law.

■ In support of his claim that suspension pursuant to § 6 is exclusive, Bailey cites *McGregor v. Clawson*, 506 S.W.2d 922, 928 (Tex.Civ.App.—Waco 1974, no writ). He claims the following language of the court's opinion has decided the exclusivity question.

Our Supreme Court has laid down the rule that where the cause of action and remedy for its enforcement are derived not from the common law but from the statute, the statutory provisions are mandatory and exclusive, and must be complied with in all respects, or the action is not maintainable. (Citing cases.)

The State Bar Act is purely a creature of statute, prescribing the machinery and procedure by which the State Bar has been empowered to bring and maintain the disbarment suit in question. But for the statute, the State Bar and District Grievance Committee would have no existence. Where a statute creates a right and provides a remedy for its enforcement, the remedy is exclusive, and where it confers jurisdiction upon a particular court, that jurisdiction is exclusive.

Bailey would read *McGregor, supra*, as holding that because § 6 provides for automatic suspension, the suspension is exclusive and prohibits any further discipline. We do not so construe *McGregor*, nor do we believe § 6 so provides. *McGregor* was a venue case. A suit to disbar was brought against the district attorney of a small county. The case was tried and a mistrial declared because the jury failed to reach a verdict. The State Bar moved for a change of venue on the grounds that it could not get a fair trial. After a hearing the trial court transferred the case to another county. On these facts the court decided the venue provisions in § 6 were exclusive and that the trial court erred in ordering a change of venue. After a careful reading of the opinion we are unable to find therein any reference to disbarment after mandatory suspension pursuant to the section. Therefore, it is our opinion any casual remarks in *McGregor* that may be applicable to our facts are at most dicta.

A careful analysis of § 6 fails to reveal any prohibition against a disbarment proceeding being instituted after mandatory suspension pursuant to the act has expired. Bailey points out that disbarment is the State Bar's maximum punishment. He further notes that once disbarred, an attorney cannot be readmitted for five years. He complains that if suspension pursuant to § 6 is not exclusive, and an attorney is disbarred after his § 6 suspension expires, it will be a minimum of five years in addition to the period of probation in which the attorney could not practice. Therefore, it would be possible for an attorney who did not receive probation to serve his time and be readmitted before an attorney who received probation and then was disbarred after his suspension expired could be readmitted.

Bailey's complaint lacks merit because there is insufficient correlation between the considerations in placing a convict on parole and determining whether an individual is fit to have the privilege of practicing law. The organized bar has the duty and the public has the right to expect that individuals admitted to practice law are morally fit. Just because a judge or jury determines that incarceration would not be in the best interest of rehabilitating a convict does not mean that the individual is therefore fit to practice law after probation expires.

■ Further, Bailey's position would result in a judge or jury determining how long an individual would be suspended because § 6 provides for suspension of the period of probation. We cannot believe the legislature intended such a result. It is our opinion that in providing for automatic suspension the legislature set a minimum standard of discipline to protect the public. We cannot believe it was intended to preclude further discipline if proven to be appropriate. Therefore, we hold that automatic suspension pursuant to § 6 is not exclusive and does not prevent disbarment proceedings.

The appellant's point of error has been duly considered and is overruled.

Affirmed.