Jesus **HERNANDEZ**, Appellant,

v.

**STATE BAR OF TEXAS**, Appellee.

No. 13–90–420–CV.

Court of Appeals of Texas, Corpus Christi.

June 18, 1991.

---

Daniel Quirino Longoria, Edinburg, for appellant.

Linda Acevedo, Asst. Gen. Counsel, Austin, Frank J. Douthitt, Gen. Counsel, Austin, for appellee.

Before NYE, C.J., and DORSEY and HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

Jesus Hernandez appeals the trial court's suspension of his practice of law, a penalty assessed against him pursuant to a disciplinary action brought by the State Bar of Texas. By one point of error, appellant asserts that the trial court erred by ordering that his suspension begin on June 20, 1990, and then by failing to modify, correct or reform the judgment setting the suspension date because, as a matter of law, he was automatically suspended upon the date of his criminal conviction. He asserts that the trial court's failure to consider the period of time between the criminal conviction and the date the court assessed the penalty in the disciplinary action denied him due process of law pursuant to the fifth and fourteenth amendments to the United States Constitution and Article 1, section 19 of the Constitution of the State of Texas. We disagree and affirm the trial court's judgment.

The State Bar of Texas brought this disciplinary action against appellant pursuant to the provisions of Tex.Gov't Code Ann. § 81.078 (Vernon 1988) and Supreme Court of Texas, Rules Governing the State Bar of Texas art. X, §§ 8, 23(A), 26 (1991) [hereinafter State Bar Rules]. The trial court suspended appellant's license for three years, beginning June 20, 1990, and ending June 19, 1993, but probated the last year from June 20, 1992 until June 20, 1994, provided appellant abided by the terms and conditions set forth in the Judgment.

▪▪▪ The trial court's unchallenged findings of fact establish the following. On or about October 13, 1989, appellant was convicted of indecency with a child (by contact) and received a two-year deferred adjudication. Appellant, the person made the subject of the underlying disciplinary action in this appeal, is the same person convicted of indecency with a child. When findings of fact are filed and unchallenged, they occupy the same position and are entitled to the same weight as the unchallenged verdict of a jury. *See McGalliard v. Kuhlmann,* 722 S.W.2d 694, 696 (Tex. 1986); *Garcia v. Kastner Farms, Inc.,* 789

S.W.2d 656, 659 (Tex.App.—Corpus Christi 1990, no writ). Such findings of fact are binding on the appellate court. *Katz v. Rodriguez*, 563 S.W.2d 627, 630–31 (Tex. Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.); *Bilek v. Tupa*, 549 S.W.2d 217 (Tex. Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.).

The court found in its conclusions of law that: (a) the offense of indecency with a child (by contact) is a serious crime, namely a felony involving moral turpitude, pursuant to Section 81.078 of the Texas Government Code and Article X, Section 26 of the State Bar Rules, and (b) that the appropriate sanction for such professional misconduct is active suspension from the practice of law for three years beginning June 20, 1990, and ending June 19, 1993, provided that appellant abide by the terms and conditions ordered in the judgment rendered in the criminal conviction.

■ Specifically, appellant argues that the trial court was required to make his disciplinary suspension period begin from the date of his criminal conviction rather than from the trial date for the disciplinary action. He argues that the term of his suspension is governed by State Bar Rules article X, sections 8 and 23(A) and that, as a matter of law, his criminal conviction automatically suspended his practice of law. Appellant's argument is without merit because the sections he relies upon relate only to punishment for **professional** misconduct, rather than criminal misconduct by an attorney. Section 8, entitled "Sanctions," sets forth the types of sanctions for professional misconduct while Section 23, entitled "Judgment," deals with the creation of the judgment in a **professional** misconduct suit against an attorney.

Appellant also relies upon the holdings in *Bailey v. State*, 575 S.W.2d 418 (Tex.Civ. App.—Fort Worth 1978, writ ref'd n.r.e.) for the proposition that when an attorney has been convicted of a crime described in Tex.Rev.Civ.Stat.Ann. art. 320a–1 § 6 (1973) (repealed) and is given probation, he is automatically suspended by operation of law, whether judicial action is taken or not. While this was true at the time that *Bailey*

was decided, the applicable statute has since been repealed and replaced with the provisions found in Section 26 of the State Bar Rules providing for compulsory discipline for acts of criminal misconduct by an attorney.

■ Unlike matters reviewed through the local grievance committees, a compulsory discipline case originates with the criminal conviction. Tex. Gov't Code Ann. § 81.078 (Vernon 1988). In such cases, a finding of criminal guilt forms the basis of the disciplinary action to suspend or disbar the attorney. Section 81.078(b) of the State Bar Rules provides in pertinent part:

On proof of an attorney's conviction of any felony involving moral turpitude, ... the district court of the county of residence of the convicted attorney shall enter an order suspending the attorney from the practice of law during the pendency of any appeals from the conviction. **An attorney who has been given probation after the conviction, whether adjudicated or unadjudicated, shall be suspended from the practice of law during the probation.** (emphasis added)

Additionally, Section 26 provides in pertinent part:

Section 26. Compulsory Discipline.

(A) Generally. When an attorney has been convicted of a serious crime, counsel shall initiate an action seeking compulsory discipline pursuant to this section....

(C) Evidence of Guilt. In any action brought to discipline an attorney who has been convicted of a serious crime, the record of conviction shall be conclusive evidence of the guilt of the attorney for the crime of which the attorney was convicted.

(G) Suspension. If an attorney's sentence upon conviction of a serious crime is fully probated, or if an attorney receives probation without an adjudication of guilt, **the attorney shall be suspended during the term of such probation; however, upon notice and hearing, the court in the disciplinary action may impose upon an attorney who has received probation such further discipli-**

nary sanction as may be warranted, including disbarment.... [emphasis added]

The plain meaning of the statutes above require a trial court to, at the very least, suspend the lawyer for the criminal probationary period. Additionally, the court is given discretion in assessing any further sanctions which it deems necessary, including disbarment. In this case, the trial court properly suspended appellant for the duration of his criminal probation and then assessed an additional suspension period as a penalty.

Appellant does not challenge the court's discretion in assessment of his suspension penalty. Within his sole point of error, appellant argues that the court's failure to consider the time he was suspended automatically under Section 81.078 is a violation of due process. However, appellant failed to assert his constitutionality arguments to the trial court. The issues are not contained in the pleadings, not addressed in the findings of fact and conclusions of law, and not addressed in the judgment and was not raised in appellant's Notice of Limitation of Appeal to the trial court. A party to a lawsuit waives the right to raise even a constitutional claim on appeal if that claim is not presented to the trial court. *See* Tex.R.App.P. 52(a). Because appellant failed to timely raise both the abuse of discretion and the constitutionality arguments, they are waived.

We hold that the trial court properly disciplined appellant with a three-year suspension and probationary period, commencing upon the judgment date of the disciplinary proceeding.

The trial court's judgment is AFFIRMED.