Colin Kelly KAUFMAN, Appellant,

v.

COMMISSION FOR LAWYER DISCIPLINE, Appellee.

No. 13–04–682–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

July 20, 2006.

---

Colin Kelly Kaufman, Corpus Christi, pro se.

Linda Acevedo, Asst. Disciplinary Counsel, Austin, Paul H. Homburg III, Asst. Disciplinary Counsel, San Antonio, for appellee.

Before Justices HINOJOSA, YAÑEZ and CASTILLO.

## OPINION[1]

Opinion by Justice CASTILLO.

After a jury found professional misconduct, the trial court entered a judgment of disbarment. By eight issues,[2] Colin K. Kaufman appeals the judgment and seeks a reversal. We affirm.

## I. BACKGROUND

In 1992, Kaufman was appointed as trustee for Charles B. Feldman d/b/a Charles Feldman Investments (CFI) under a bankruptcy plan of reorganization. In that capacity, he was responsible for collecting and distributing to creditors approximately $354,000.00 from the ongoing business of CFI. Although the monies were deposited into Kaufman's IOLTA trust account, evidence was presented to the jury demonstrating that Kaufman paid most of the monies (at least $278,000.00) to himself for legal fees and expenses. Additional evidence disclosed that no periodic payments contemplated under the plan of reorganization were ever made; the only other payments Kaufman made were for additional expenses and to other professionals.

On December 23, 2002, the Commission for Lawyer Discipline filed a disciplinary petition against Kaufman pursuant to the State Bar Act,[3] complaining that Kaufman's acts and omissions constituted professional misconduct in violation of the Texas Rules of Disciplinary Conduct.[4]

---

1. All cases involving professional misconduct of an attorney appealed to the court must be published in the official reporter system. *See* Tex.R. Disciplinary P. 6.06, reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G app. A–1 (Vernon 2005). Accordingly, we order this opinion to be published.

2. Kaufman's issues follow, verbatim:
   (1) Whether granting the motion in limine violated due process of law.
   (2) Whether it is a constitutional "trial by jury" under the federal and state constitutions where a trial judge excludes all respondent's defenses by granting a motion in limine and determines all the punishment phase issues himself.
   (3) Whether there was no evidence supporting the jury findings, or whether they were against the great weight and preponderance of the evidence.
   (4) Whether the trial court was entitled to ignore federal law and a federal court adjudication of the identical complaint made by the identical complainants.
   (5) Whether a prosecutor gets to take potshots at the opposing party, and then hide behind his motion in limine to prevent the opposing party from disclosing the truth.
   (6) Whether after you have made someone a virtual cripple, and taken away 90% of his life expectancy, you ought thereafter to be able to disbar him for a de minimis violation.
   (7) Whether a course of conduct engaged in for many years can be treated as a series of "separate acts" under the Texas Rules of Evidence.
   (8) Whether the respondent should have been allowed to impeach Steve Ditto by showing he was president of a "vulture fund" and putting on evidence of what such funds are like.
   For ease of reference, we address the issues using their numerical counterpart. We treat the statement of each issue as covering every subsidiary question that is fairly included. *See* Tex.R.App. P. 38.1(e).

3. Tex. Gov't.Code Ann. § 81.001 (Vernon 2005).

4. *See* Tex Disciplinary R. Prof'l Conduct §§ 1.14(a), (b)(Vernon 2005), 1.04(a) (Vernon Supp.2005), 8.04(a)(1), (3)(Vernon 2005), reprinted in Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon 2005).

The jury found Kaufman failed to (1) hold client funds separate from his own, (2) render a full accounting of funds, and (3) deliver the funds to the persons entitled to receive the funds. The jury also found that Kaufman had charged or collected an unconscionable fee and engaged in conduct involving dishonesty, deceit or misrepresentation in connection with the Feldman bankruptcy estate. The trial court found Kaufman in violation of the Texas rules of disciplinary conduct [5] and ordered his immediate disbarment as well as restitution, attorney fees, expenses and court costs in favor of the Commission. Kaufman appeals the judgment of disbarment.

## II. JURISDICTION

■ By his fourth issue, Kaufman asserts that the trial court lacked jurisdiction because of an earlier decision by the federal court on the same issues. He maintains that the federal court decision exonerated him and res judicata precludes relitigation of the issues in State court.

■ Res judicata, also known as claim preclusion, prevents the re-litigation of a finally adjudicated claim and related matters that should have been litigated in a prior suit. *State and County Mut. Fire Ins. Co. v. Miller,* 52 S.W.3d 693, 696 (Tex.2001). The doctrine also precludes claims or defenses that, through diligence, should have been litigated in the prior suit but were not. *See Ingersoll–Rand Co. v. Valero Energy Corp.,* 997 S.W.2d 203, 206–07 (Tex.1999).

■ The Texas rules of professional conduct provide that each attorney admitted to practice in the Texas State courts is subject to the disciplinary jurisdiction of the Texas Supreme Court and the Commission for Lawyer Discipline, a committee of the State Bar. TEX. GOV'T CODE ANN. § 81.071 (Vernon 2005); *see Belt v. Comm'n for Lawyer Discipline,* 970 S.W.2d 571, 574 (Tex.App.-Dallas 1997, no pet.). An attorney disciplinary petition may be filed and heard in a district court with or without a jury,[6] and a final judgment of disbarment by the district court may be appealed as in civil cases generally.[7] TEX.R. DISCIPLINARY PROC. § 3.16. Attorney disciplinary proceedings are among those judicial proceedings invested with sufficiently important State interest to warrant a federal court to abstain from exercising jurisdiction to avoid interference in State judicial proceedings. *See Wightman v. Tex. Supreme Court,* 84 F.3d 188, 189–90 (5th Cir.1996).

The record demonstrates that the federal court order addressed allegations of misconduct affecting Kaufman's federal district court license for the Southern District of Texas and not his Texas law license. The order remanded the case to State court. There is nothing in the record evidencing prior disciplinary action in a State court regarding either the Feldman matter or Kaufman's Texas license to practice law. Kaufman's principal place of business was located in Nueces County. We conclude that, consistent with the federal court order, the trial court below did have jurisdiction over the purely Texas law matter involving Kaufman's Texas license to practice law. Res judicata does not apply. *Miller,* 52 S.W.3d at 696; TEX.

5. *Id.*

6. *See* TEX.R. DISCIPLINARY PROC. § 2.15.

7. In a state disciplinary action, venue shall either be in (1) the county of respondent's principal place of practice; or (2) if the respondent does not maintain a place of practice within the state of Texas, in the county of respondent's residence or (3) if the respondent maintains neither a residence nor a place of practice within the State of Texas, then in the county where the alleged professional misconduct occurred, in whole or in part. TEX.R. DISCIPLINARY PROC. § 3.03.

Gov't Code Ann. § 81.071 (Vernon 2005). We overrule Kaufman's fourth issue.

### III. PRESERVATION OF ERROR

By his first, second, fifth, sixth, seventh, and eighth issues, respectively, Kaufman maintains that the trial court erred by (1) granting the prosecutor's motion in limine, (2) excluding evidence, (3) permitting the prosecutor to take "potshots" at him, (4) not making allowances for his deteriorated health, (5) not instructing the jury on applicable law, and (6) disallowing the impeachment of a witness. The Commission responds that, because Kaufman did not preserve error, he is precluded from raising these issues on appeal.

■ Disbarment proceedings are civil in nature and governed by rules of civil procedure. *McInnis v. Comm'n for Lawyer Discipline*, 618 S.W.2d 389, 392 (Tex.Civ. App.-Beaumont, 1981, writ ref'd n.r.e.). As a prerequisite to presenting a complaint for appellate review, Texas Rule of Appellate Procedure 33.1(a) requires the record to show:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

(B) complied with the requirements of the Texas Rules of Civil or Criminal Evidence or the Texas Rules of Civil or Appellate Procedure; and

(2) the trial court:

(A) ruled on the request, objection, or motion, either expressly or implicitly; or

(B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

Tex.R.App. P. 33.1(a).

#### A. Exclusion of Evidence

■ By his first, second, and fifth issues, Kaufman asserts that the trial court erred in granting the motion in limine which effectively excluded evidence of his substantive defenses. The Commission responds that Kaufman did not preserve error and has not shown reversible error.

■ A motion in limine is a procedural device that permits a party to identify, prior to trial, certain evidentiary issues the court may be asked to rule upon. *See Hartford Accident & Indem. Co. v. McCardell*, 369 S.W.2d 331, 335 (Tex.1963); *Fort Worth Hotel Ltd. P'ship v. Enserch Corp.*, 977 S.W.2d 746, 757 (Tex.App.-Fort Worth 1998, no pet.). The purpose of such a motion is to prevent opposing parties from asking prejudicial questions and introducing prejudicial evidence in front of the jury without first seeking leave of court. *Weidner v. Sanchez*, 14 S.W.3d 353, 363 (Tex. App.-Houston [14th Dist.] 2000, no pet.); *Enserch Corp.*, 977 S.W.2d at 757. The granting of the motion is not a final ruling on the evidence. *Bifano v. Young*, 665 S.W.2d 536, 541 (Tex.App.-Corpus Christi 1983, writ ref'd n.r.e.). A ruling on a motion in limine preserves nothing for review. *Hartford*, 369 S.W.2d at 335 ("In neither case—(1) questions not asked or evidence not offered, or (2) questions asked or evidence offered—should the error of the trial court in overruling the motion in limine be regarded as harmful or reversible error."); *Caterpillar Tractor Co. v. Boyett*, 674 S.W.2d 782, 792 (Tex.App.-Corpus Christi 1984, no writ) ("A trial court's actions in granting or denying a motion in limine presents nothing for appellate review."). A judgment

will not be reversed unless the evidence is in fact offered. *See Acord v. Gen. Motors Corp.*, 669 S.W.2d 111, 116 (Tex.1984); *Hartford*, 369 S.W.2d at 335. Thus, to complain on appeal that the trial court erroneously excluded evidence, Kaufman must have offered the evidence during trial and obtained an adverse ruling from the trial court. *Ulogo v. Villanueva*, 177 S.W.3d 496, 501 (Tex.App.-Houston [1st Dist.] 2005, no pet.).

Kaufman admits that he did not proffer evidence in support of his defenses. He concedes that other evidence that he did attempt to introduce was (1) admitted without objection, (2) objected to, the objection was overruled and the evidence admitted, or (3) objected to, the objection was sustained, and he did not show what the evidence would have been.[8] Kaufman neither offered the complained-of evidence during trial nor obtained an adverse ruling from the trial court. Accordingly, he preserved nothing for review. TEX.R.APP. P. 33.1(a)(2)(A); *Ulogo*, 177 S.W.3d at 501.

We overrule Kaufman's first, second, fifth, and eighth issues.

### B. Deteriorating Health

By his sixth issue, Kaufman asserts that the trial court did not consider his deteriorating health during the trial and in assessing punishment. He neither presented the complaint to the trial court nor obtained an adverse ruling. Accordingly, Kaufman failed to preserve error. TEX.R.APP. P. 33.1(a)(2)(A). Even if he had preserved error, he has not shown reversible error. TEX.R.APP. P. 44.1.[9] We overrule Kaufman's sixth issue.

### C. Jury Charge

By his seventh issue and various sub-issues throughout his brief, Kaufman asserts that the trial court erred in submitting an erroneous jury charge by, among other things, excluding the definition of "unconscionability," and "any federal law." However, at the time the jury charges were presented, Kaufman did not

8. An appellant must refer the appellate court to those portions of the record that support his argument. *Wade v. Comm'n for Lawyer Discipline*, 961 S.W.2d 366, 373 (Tex.App.Houston [1st Dist.] 1997, no pet.). Stated facts must be supported by record references. *See* TEX.R.APP. P. 38.1(f). In his appellate brief, Kaufman provides factual allegations unsupported by the record before us. For example, Kaufman complains he attempted to adduce evidence of his character and reputation through (1) documents of his service as an officer of the Coastal Bend Bankruptcy Association, (2) a book of religious philosophy, and (3) a dozen law review articles regarding the "nature of justice." However, he provides no record references, and we find none in the record before us. *Id.*

9. The trial court's determination of a sanction in disciplinary proceedings is reviewed under an abuse of discretion standard. *See Butler v. Comm'n for Lawyer Discipline*, 928 S.W.2d 659, 666 (Tex.App.-Corpus Christi 1996, no writ). In determining the appropriate sanc-

tion for attorney misconduct, a trial court must consider the nature and degree of the professional misconduct, the seriousness of and circumstances surrounding the misconduct, the loss or damage to clients, the damage to the profession, the assurance that those who seek legal services in the future will be insulated from the type of misconduct found, the profit to the attorney, the avoidance of repetition, the deterrent effect on others, the maintenance of respect for the legal profession, the trial of the case, and other relevant evidence concerning the attorney's personal and professional background. *Id.* Kaufman maintains that the trial court essentially should have taken judicial notice of the condition of his health. He assigns reversible error because a "fair trial would have given him enough time to do what he needed to put on his side of the case and make all the arguments he needed to make." The record, however, contains no evidence or mention by him, of his deteriorated health. The stated facts must be supported by record references. TEX. R.APP. P. 38.1(f).

raise any objection to the trial court's charge to the jury. Accordingly, he waived error. TEX.R.APP. P. 33.1(a)(1).

We overrule Kaufman's seventh issue.

### D. Jury Argument

In sub-issues throughout his brief, Kaufman maintains that the trial court's allowance of prejudicial argument and "pot shots" made by the State during trial constitutes reversible error. Although Kaufman objected to the closing argument after the case was submitted to the jury for deliberation, he did not object at the time of the alleged "pot shots" or during closing argument. We conclude that the objection was not timely. See TEX.R.APP. P. 33.1(a)(1). Further, the record does not demonstrate, nor has Kaufman shown either that the error probably (1) caused the rendition of an improper judgment, or (2) prevented him from properly presenting the case to this Court. See TEX.R.APP. P. 44.1. We overrule Kaufman's sub-issues regarding prejudicial argument.

### E. Due Process of Law

Throughout his brief, Kaufman maintains he was denied due process. A party waives the right to raise a constitutional claim such as due process on appeal if that claim is not presented to the trial court. State Bar of Tex. v. Leighton, 956 S.W.2d 667, 671 (Tex.App.-San Antonio 1997, no pet.); Hernandez v. State Bar of Tex., 812 S.W.2d 75, 78 (Tex.App.-Corpus Christi 1991, no writ). Because the constitutional argument was not presented to the trial court, Kaufman's due process complaint has not been preserved for appellate review. See TEX.R.APP. P. 33.1(a);

Hernandez, 812 S.W.2d at 78. We overrule Kaufman's sub-issues asserting due process deprivations.

## IV. SUFFICIENCY OF THE EVIDENCE

By his third issue, Kaufman maintains the evidence is legally and factually insufficient to support the judgment. When both legal and factual sufficiency challenges are raised on appeal, we must first examine the legal sufficiency of the evidence. See Glover v. Tex. Gen. Indem. Co., 619 S.W.2d 400, 401 (Tex.1981).

### A. Legal Sufficiency

#### 1. Standard of Proof

In a disciplinary action against an attorney, the Commission must prove its allegations by a preponderance of the evidence. TEX.R. DISCIPLINARY P. 3.08C, reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A–1 (Vernon 2005); see Curtis v. Comm'n for Lawyer Discipline, 20 S.W.3d 227, 230 (Tex.App.-Houston [14th Dist.] 2000, no pet.). This is the proper standard of proof for all issues in a disbarment proceeding. McInnis, at 397.

#### 2. Standard of Review

We review the legal sufficiency challenge by viewing the evidence in a light that tends to support the disputed fact, disregarding all evidence and inference to the contrary. Bradford v. Vento, 48 S.W.3d 749, 754 (Tex.2001). If there is more than a scintilla of evidence to support the questioned fact, the "no evidence" point fails. Formosa Plastics v. Presidio Eng'rs, 960 S.W.2d 41, 48 (Tex.1998).[10]

---

10. The evidence is no more than a scintilla and, in legal effect, is no evidence "when the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence." Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex.1983). Conversely, more than a scintilla exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." Transp. Ins. Co. v. Moriel, 879 S.W.2d 10, 25, 37 (Tex.1994).

The trier-of-fact, whether the trial court or the jury, remains the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *City of Keller v. Wilson,* 168 S.W.3d 802, 819 (Tex. 2005).

A legal sufficiency point may only be sustained when the evidence conclusively establishes the absence of a vital fact, the record discloses no more than a mere scintilla of evidence to prove a vital fact, the court is bound by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, or the evidence established conclusively the opposite of the vital fact. *Hines v. Comm'n for Lawyer Discipline,* 28 S.W.3d 697, 701 (Tex.App.-Corpus Christi 2000, no pet.).

In considering and determining legal sufficiency or no-evidence points of error, we consider only the evidence, and the inferences therefrom, that tend to support the jury's findings, disregarding all evidence and inferences to the contrary. *Havner v. E–Z Mart Stores, Inc.,* 825 S.W.2d 456, 458 (Tex.1992); *Curtis,* 20 S.W.3d at 234–35; *Weiss v. Comm'n for Lawyer Discipline,* 981 S.W.2d 8, 16 (Tex. App.-San Antonio 1998, pet. denied). We review the evidence "in the light most favorable to the verdict, disregarding all contrary evidence that a reasonable jury could have disbelieved." *Ysleta Indep. Sch. Dist. v. Monarrez,* 177 S.W.3d 915, 917 (Tex.2005) (per curiam); *Vickery v. Comm'n for Lawyer Discipline,* 5 S.W.3d 241, 258 (Tex.App.-Houston [14th Dist.] 1999, no pet.). If there exists any evidence to support the finding, the point will be overruled and the finding upheld. *Id.* The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. *City of Keller,* 168 S.W.3d at 827.

### 3. The Texas Disciplinary Rules of Professional Conduct

■ Kaufman asserts that there was no evidence to support the finding that he had violated rule 8.04 of the Texas Disciplinary Rules of Professional Conduct. Rule 8.04 provides in part that a lawyer shall not (1) violate these rules, knowingly assist or induce another to do so, or do so through the acts of another, whether or not such violation occurred in the course of a client-lawyer relationship, or (2) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.[11]

Kaufman also asserts that there was no evidence to support the findings that he had violated rules 1.04 and 1.14 of the Texas disciplinary rules. Rule 1.14 of the Texas disciplinary rules requires an attorney to keep safe and separate, a client's property which is entrusted to the attorney. TEX. DISCIPLINARY R. PROF'L CONDUCT §§ 1.14(a) (Vernon Supp.2005). A fee is unconscionable if a competent lawyer could not form a reasonable belief that the fee is reasonable. TEX. DISCIPLINARY R. PROF'L CONDUCT § 1.14(a) (Vernon Supp.2005). Rule 1.04(a) of the Texas disciplinary rules of professional conduct provides that a lawyer shall not enter into an arrangement for, charge, or collect an illegal or unconscionable fee. TEX. DISCIPLINARY R. PROF'L CONDUCT §§ 1.04(a) (Vernon Supp.2005). Rule 1.14(b) provides that a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property. TEX. DISCIPLINARY R. PROF'L CONDUCT § 1.14(b) (Vernon 2005).

---

**11.** TEX. DISCIPLINARY R. PROF'L CONDUCT § 8.04(a)(1), (3) (Vernon 2005), reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. G app. A (Vernon 2005).

The jury answered "yes" to five questions involving professional misconduct.[12] Kaufman challenges the sufficiency of the evidence as to the jury's answers to all five questions. Kaufman testified that at the time he was the trustee in bankruptcy, he did maintain an IOLTA trust account in which he deposited the monies of CFI. However, Kaufman also testified that he paid himself approximately $278,000.00 of the $354,000.00 total amount deposited on behalf of CFI. Kaufman admitted that, although he did provide some documentation, he did not provide all information regarding the client's funds deemed by the bankruptcy court to be necessary and proper as to be considered a full rendering and accounting. When cross-examined, Kaufman acknowledged the billing process in his office was not as perfect as he would have liked it to be. He admitted that the Commission's evidence of his billing to CFI demonstrated he did take substantially all of the money from the trust account of CFI to pay those bills. On these facts, there is more than a scintilla of evidence to support the jury findings of attorney misconduct as to rules 1.14 and 8.04 of the Texas disciplinary rules of professional conduct. TEX. DISCIPLINARY R. PROF'L CONDUCT §§ 1.14, 8.04(a)(1), (3) (Vernon 2005); *Formosa Plastics,* 960 S.W.2d at 48. We conclude that reasonable and fair-minded people could answer yes to all five questions presented to the jury. *City of Keller,* 168 S.W.3d at 827.

Because there is evidence to support the jury findings that Kaufman failed to (1) hold the monies separate and apart of his own, (2) render an accounting, (3) promptly deliver the monies, and (4) charged an unconscionable fee, thereby (5) engaging in conduct involving dishonesty, deceit or misrepresentation, we overrule Kaufman's legal sufficiency challenge. *Monarrez,* 177 S.W.3d at 917; *Vickery,* 5 S.W.3d at 258.

## B. Factual Sufficiency

In reviewing factual sufficiency, we must consider, examine, and weigh all of the evidence in the record. *Maritime Overseas Corp. v. Ellis,* 971 S.W.2d 402, 406–07 (Tex.1998). In doing so, we no longer consider the evidence in the light most favorable to the finding; instead we consider and weigh all the evidence and set aside the finding only if it is so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Gooch v. Am. Sling Co.,* 902 S.W.2d 181, 183–84 (Tex.App.-Fort Worth 1995, no writ). When reviewing a jury verdict to determine the factual sufficiency of the evidence, the party attacking a finding on which an adverse party bore the burden of proof must show that the record presents "insufficient evidence" to support the finding. *Id.* at 184. In so doing, we do not pass on the witnesses' credibility or substitute our judgment for that of the trier of fact. *Curtis,* 20 S.W.3d at 231; *Vickery,* 5 S.W.3d at 258.

---

12. The five questions presented to the jury are as follow: Do you find that Respondent

(1) failed to hold funds belonging in whole or in part to clients or third persons that were in his possession in connection with a representation, separate from his own funds;

(2) after receiving funds in which a client or third person had an interest, upon request by the client or third person, failed promptly to render a full accounting regarding such funds;

(3) failed promptly to deliver to the client or third person any funds that the client or third person was entitled to receive;

(4) charged or collected an unconscionable fee? You are instructed that a fee is unconscionable if a competent lawyer could not form a reasonable belief that the fee is reasonable; and

(5) engaged in conduct involving dishonesty, deceit or misrepresentation in connection with the Feldman bankruptcy estate.

When questioned about the lack of safekeeping and poor or no accounting performed on the monies held in his IOLTA account on behalf of CFI, Kaufman admitted taking most of the money to pay his own attorney fees. He acknowledged a less-than-perfect accounting system in his office, and that he was not aware of the exact kind of accounting that CFI sought. He claimed that the paperwork introduced into evidence on his behalf constituted all of the accounting that he had time to collect and put together. He admitted that some of the evidence was prepared specifically for the trial.

Kaufman testified that at the time he maintained the IOLTA trust account and monies of CFI, it was his understanding that these monies were designed, for the most part, to pay his attorney fees. He testified that he did not believe the total amount of attorney fees was unreasonable in light of the ten years or so that he represented CFI in court. Although Kaufman acknowledged that there was some double billing of attorney fees for the same work performed month-to-month, his explanation was that the billing procedures in his office were less-than-perfect. However, evidence presented by the Commission established that there was repeated billing each month for the same services rendered. Kaufman acknowledged the redundant billing. He also admitted that this was standard practice in his office.

After a careful review of the evidence available in the record on appeal, and applying the proper standards of review, we find there is factually sufficient evidence of probative force to support the findings of the jury. *McInnis,* 618 S.W.2d at 396. Considering and weighing all the evidence, we do not find the verdict to be so contrary to the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Id.* Kaufman's third issue is overruled.

## V. DISBARMENT AS SANCTION FOR MISCONDUCT

Kaufman asserts in his second issue that he was denied his federal and state constitutional due process rights because the trial court (1) granted the motion in limine effectively excluding all of Kaufman's defenses, and (2) determined all the punishment phase issues. Having already ruled that error was not preserved and that the trial court did not abuse its discretion in granting the motion in limine, we overrule issue number two as it relates to the motion in limine.

As a sub-issue in his second issue, Kaufman also raises constitutional arguments relative to the punishment phase of the trial. He alleges that the trial court did not have authority to determine the appropriate sanction to be imposed.

Texas Rules of Disciplinary Procedure §§ 2.15, 3.03 and 3.16 provide that jurisdiction lies with the trial court, which has broad discretion to determine whether an attorney who is guilty of professional misconduct should be reprimanded, suspended, or disbarred. Tex.R. Disciplinary Proc. §§ 2.15, 3.03, 3.16 (Vernon 2005); *see Kilpatrick,* 874 S.W.2d at 659. In determining the appropriate sanction for attorney misconduct, a trial court must consider (1) the nature and degree of the professional misconduct, (2) the seriousness of and circumstances surrounding the misconduct, (3) the loss or damage to clients, (4) the damage to the profession, (5) the assurance that those who seek legal services in the future will be insulated from the type of misconduct found, (6) the profit to the attorney, (7) the avoidance of repetition, (8) the deterrent effect on others, (9) the maintenance of respect for the legal profession, (10) the trial of the case, and (11) other relevant evidence concerning the attorney's personal and professional background. *Kilpatrick,* 874 S.W.2d at 659;

Tex.R. Disciplinary P. 3.10 (Vernon 2005); *Curtis,* 20 S.W.3d at 234–35. Texas rules of disciplinary procedure mandate that the trial judge determine the punishment based upon these guidelines. *Curtis,* 20 S.W.3d at 234–35.

The sanctions imposed by the trial court on Kaufman are consistent with these guidelines, and we do not find that the trial court abused its discretion in entering these sanctions. *Weiss,* 981 S.W.2d at 23–24. The remainder of Kaufman's second issue is overruled.

## VI. CONCLUSION

Having overruled all of the issues presented, we affirm the judgment of the trial court.