OPINION
 

 BRIDGES, Justice.
 

 The State Bar filed a disciplinary petition in the name of the Commission for Lawyer Discipline against attorney James C. Belt, Jr., alleging professional misconduct. The trial court found that Belt committed professional misconduct in violation of rule 1.15(d) of the Texas Disciplinary Rules of Professional Conduct and ordered a public reprimand. In three points of error, Belt challenges (1) the trial court’s refusal to grant his motion to dismiss for want of jurisdiction; (2) the trial court’s refusal to permit his expert witness to testify; and (3) the sufficiency of the evidence supporting the trial court’s finding that he violated disciplinary rule 1.15(d). We affirm the trial court’s judgment.
 

 Background
 

 Ruth Morris, a passenger in a car driven by Keith Patrick, was injured when the ear was involved in a one-car accident on May 28, 1992. Morris discussed her ease with Belt and, on June 2, 1992, retained him to represent her. Belt referred Morris to a physician and sent a letter of protection guaranteeing that he would pay Morris’s medical bills when her claim settled. Six months later, on December 29,1992, Belt asked Morris to contact the car’s owner, Kathy Patrick, to determine whether she had insurance. Morris contacted Patrick who said that State Farm insured the car. However, in response to Belt’s January 5, 1993 letter, State Farm indicated that Patrick’s insurance was canceled before the accident occurred. Belt was therefore aware in January 1993 that Patrick had no automobile insurance.
 

 Assuming that Patrick had no assets or other insurance, Belt did not run an asset check on Patrick, file suit against Patrick, or conduct discovery. The last entry in Belt’s file regarding Morris’s ease was made in February 1993. On April 27, 1994, thirty-one days before the statute of limitations ran, Belt sent Morris a letter informing her that he would no longer be able to represent her and that she had until May 28, 1994 to file a claim based on the May 28, 1992 accident. Morris contacted two other lawyers who told her there was not enough time to prepare her case. Morris then filed her complaint against Belt.
 

 By order dated February 27, 1995, the Texas Supreme Court appointed Judge Susan Baker Olsen to preside in the disciplinary action against Belt in the Dallas County district court. On the same day, the Clerk of the Texas Supreme Court sent a letter to Belt and counsel for the State Bar notifying them of Judge Olsen’s appointment. Citation was served on Belt on March 13, 1995. On May 3, 1995, Judge Olsen sent a letter to Belt and counsel for the State Bar notifying them of her appointment and setting the case for a hearing on July 10, 1995.
 

 The case was tried to the court, and Judge Olsen concluded that Belt violated rule 1.15(d) of the Texas Disciplinary Rules of Professional Conduct, which provides that upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client’s interests, such as giving reasonable notice to the client and allowing time for employment of other counsel.
 
 See
 
 Tex. Disciplinary R. Prof’l Conduct 1.15(d),
 
 reprinted in
 
 Tex. Gov’t Code Ann., tit. 2, subtit. G app. A (Vernon Supp.1997) (Tex. State Bar R. art. X, § 9). At trial, Belt testified that he did not see a copy of the order appointing Judge Olsen until June 29, 1995 when he was reviewing the court’s files in preparation for his deposition.
 

 Jurisdiction
 

 In his first point of error, Belt argues that the trial court lacked jurisdiction over this case because he was never served with a copy of the supreme court’s order appointing Judge Olsen. On the day of trial, Belt filed a motion to dismiss on the grounds that the court lacked jurisdiction because he was never served with a copy of the appointing order. The trial court denied the motion.
 

 
 *574
 
 In Ms brief on appeal, Belt asserts the failure to serve him with the appointing order violated rule 3.03 of the Texas Rules of Disciplinary Procedure and deprived him of the opportumty to seek recusal of the appointed judge within sixty days of being served with a copy of the appointment order.
 
 See
 
 Tex.R. Disciplinary P. 3.02, 3.03,
 
 reprinted in
 
 Tex. Gov’t Code Ann., tit. 2, subtit. G app. A-1 (Vernon Supp.1997). Without citing any authority, Belt asserts this failure to serve him with the appointing order deprived the court of jurisdiction. Additionally, Belt states in Ms brief under pomt of error one that Ms “rights to notice and due process were abridged.”
 

 However, at trial, Belt did not attack the constitutionality of the trial court’s actions. Instead, Belt asserted that the trial court lacked jurisdiction over this case because Belt was not served with a copy of the appointing order. A party to a lawsuit waives the right to raise even a constitutional claim on appeal if that claim is not presented to the trial court.
 
 See
 
 Tex.R.App. P. 52(a)
 
 [1]
 
 ;
 
 Hernandez v. State Bar of Texas,
 
 812 S.W.2d 75, 78 (Tex.App.—Corpus Christi 1991, no writ). Any arguments regarding due process were therefore waived when Belt failed to raise them at trial.
 
 See
 
 Tex.R.App. P. 52(a);
 
 Hernandez,
 
 812 S.W.2d at 78. Accordingly, we will only address Belt’s argument regarding the trial court’s jurisdiction over tMs case and not undertake a due process analysis.
 

 Each attorney admitted to practice in Texas is subject to the disciplinary and disability jurisdiction of the Texas Supreme Court and the Commission for Lawyer Discipline, a committee of the State Bar.
 
 See
 
 Tex. Gov’t Code Ann. § 81.071 (Vernon Supp.1997). Rule 3.03 of the Texas Rules of Disciplinary Procedure provides that the respondent in a disciplinary case shall be served as in civil cases generally with a copy of the disciplinary petition and a copy of the supreme court’s appomting order.
 
 See
 
 Tex.R. Disciplinary P. 3.03. Rule 3.03 does not set forth the consequences for failure to serve the respondent in a disciplinary ease with a copy of the appomting order.
 
 Id.
 

 Although Belt apparently was never served with a copy of the supreme court’s appointing order, the Clerk of the supreme court sent him a letter notifying him of Judge Olsen’s appointment. Judge Olsen herself sent Belt a letter notifying Mm of the appointment and setting a hearing date. Belt filed his answer to the State Bar petition on March 30, 1995. Belt never claimed he lacked actual notice of Judge Olsen’s appointment or that he did not receive the two letters notifying Mm of the appointment. In addition, Belt does not complain that he was prevented from seeking Judge Olsen’s recusal or that Judge Olsen’s appointment prejudiced him in any way.
 
 See
 
 Tex.R. Civ. P. 18a. Thus, Belt could have sought Judge Olsen’s recusal. Although Belt was not served with a copy of the appointing order, we conclude the error in failing to abide by the letter of rule 3.03 was harmless, and the trial court did not err in overruling Belt’s motion to - dismiss. We overrule point of error one.
 

 Exclusion of Evidence
 

 In his second point of error, Belt argues that the trial court erred in refusing to permit Belt’s expert witness to testify. Because the record does not contain the expert testimony Belt desired to elicit from his expert witness, we conclude he has failed to preserve error for our review.
 

 A party objecting to the exclusion of evidence not properly identified in discovery must show the trial court abused its discretion in excluding the evidence.
 
 Mentis v. Barnard,
 
 870 S.W.2d 14, 16 (Tex.1994). If the trial court has excluded testimony, the proponent of the evidence must show through a bill of exceptions that the evidence was controlling on a material issue in the case and it was not cumulative.
 
 See id.; Angroson, Inc. v. Independent Communications, Inc.,
 
 711 S.W.2d 268, 275 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). Failure to do so will result in waiver of appellate review.
 
 *575
 

 See Branham v. Brown,
 
 925 S.W.2d 365, 371 (Tex.App.—Houston [1st Dist.] 1996, no writ);
 
 Angroson, Inc.,
 
 711 S.W.2d at 275.
 

 When Belt attempted to call his expert witness to testify, appellee objected because Belt failed to identify the witness in his discovery responses and did not supplement those responses until the day of trial. The trial judge sustained appellee’s objection and did not allow Belt’s expert witness to testify. Belt did not make a bill of exceptions or otherwise attempt to show what the expert’s testimony would have been. Without an offer of proof or bill of exceptions to show what the expert’s testimony would have been, this Court has nothing to review.
 
 See Branham,
 
 925 S.W.2d at 371. We overrule point of error two.
 

 Sufficiency of the Evidence
 

 In his third point of error, Belt contends that the evidence is insufficient as “a matter of law” to support the trial court’s judgment. Specifically, Belt argues that the evidence was insufficient to sustain the trial court’s finding that he violated rule 1.15(d) of the Texas Disciplinary Rules of Professional Conduct. We construe this to be a challenge to the legal sufficiency of the evidence; therefore, we confine our review to the legal sufficiency of the evidence.
 

 Findings of fact in a case tided to the court have the same force and effect as jury findings.
 
 Gregory v. Sunbelt Sav., F.S.B.,
 
 835 S.W.2d 155, 158 (Tex.App.—Dallas 1992, writ denied);
 
 City of Clute v. City of Lake Jackson,
 
 559 S.W.2d 391, 395 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). Thus, we review a trial court’s findings of fact by the same standards we use in reviewing the sufficiency of the evidence supporting a jury’s answers.
 
 Zieben v. Platt,
 
 786 S.W.2d 797, 799 (Tex.App.—Houston [14th Dist.] 1990, no writ).
 

 When, as in this ease, specific findings of fact and conclusions of law are filed and a statement of facts is included in the record, we first review the record to determine whether there is any evidence to support the trial judge’s fact findings.
 
 Mercer v. Bludworth,
 
 715 S.W.2d 693, 697 (Tex.App.—Houston [1st Dist.] 1986, writ ref'd n.r.e.). We consider only the evidence and the reasonable inferences tending to support the trial judge’s findings and disregard all evidence and inferences to the contrary.
 
 Southern States Transp., Inc. v. Texas,
 
 774 S.W.2d 639, 640 (Tex.1989).
 

 In her findings of fact, Judge Olsen found:
 

 1. On or about June 2,1992, Ruth Morris (hereinafter “Morris”) retained Respondent [Belt] to represent her in a personal injury matter arising out of an automobile accident which occurred on May 28, 1992.
 

 2. Respondent referred Morris to Dr. Philip D. Smithey d.b.a. S.T. and Associates. Morris incurred medical expenses of $1,335.00 at S.T. and Associates. She also incurred a bill of $28.52 at Resource Medical at Kiest Park per Dr. Smithey’s prescription. Although Respondent represented to Morris that he would satisfy the medical bills she incurred at S.T. and Associates and Resource Medical at Kiest Park, he failed to do so.
 

 3. On or about April 27, 1994, Respondent sent a letter to Morris informing her that he was withdrawing from her case. Although she attempted to find other counsel, Morris was unable to locate another attorney, and the statute of limitations ran on her case on May 28,1994.
 

 4. By failing to allow time for the employment of other counsel before the running of the statute of limitations in Morris’ case, Respondent did not protect Morris’ interests to the extent reasonably practicable upon termination of his representation.
 

 In a single conclusion of law, Judge Olsen concluded that these findings of fact constituted conduct in violation of rule 1.15(d) of the Texas Disciplinary Rules of Professional Conduct.
 

 Our review of the record shows that there is some evidence to support Judge Olsen’s findings. When it appeared that Patrick had no insurance, Belt did not inquire further into Patrick’s personal assets or other insurance and did not file suit or conduct discovery. After initial inquiries into Patrick’s insurance, Belt took no action on Morris’s behalf for more than a year before
 
 *576
 
 withdrawing only thirty-one days before the statute of limitations ran on Morris’s claims. Morris was unable to hire another attorney under these circumstances. This evidence is legally sufficient to support Judge Olsen’s findings of fact, and Judge Olsen was correct in concluding that Belt’s conduct was in violation of rule 1.15(d) of the Texas Disciplinary Rules of Professional Conduct.
 
 [2]
 
 We overrule Belt’s third point of error.
 

 We affirm the judgment of the trial court.
 

 [1]
 

 . We recognize that Texas Rule of Appellate Procedure 52 has been superseded as of September 1, 1997. However, because this appeal was perfected before that date, rule 52 still applies to this case pursuant to the Texas Supreme Court's order of August 15, 1997.
 

 [2]
 

 . All cases involving professional misconduct of an attorney appealed to the courts of appeal must be published in the official reporter system.
 
 See
 
 Tex.R. Disciplinary P. 6.06,
 
 reprinted, in
 
 Tex. Gov't Code Ann., tit. 2, subtit. G app. A-1 (Vernon Supp.1997). Accordingly, we order this opinion to be published.