TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00274-CV






State of Texas, Appellant



v.



Triax Oil and Gas, Inc., Robert L. Seglem and Marian L. Seglem, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 95-11475, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING 






 The State of Texas brought an action in district court to enforce a final order issued by the
Railroad Commission assessing administrative penalties against appellee Triax Oil and Gas, Inc. for failure
to plug inactive wells in violation of the Texas Natural Resources Code, title 3, subtitles A-C (West 1993). 
The State sued Triax and Robert and Marian Seglem individually to enforce the order and to recover
additional penalties, attorneys' fees, and plugging costs. The district court rendered a take-nothing
judgment against the State on all of its claims. The State appeals, contending mainly that the judgment was
an invalid collateral attack on an agency's final order. We will reverse the judgment of the district court,
render judgment that the State recover administrative penalties, and remand for a determination of civil
penalties, attorneys' fees and court costs, and reasonable plugging expenses to which the State is entitled.


BACKGROUND


 Triax was the registered operator of certain abandoned wells that had not been plugged
as required by Railroad Commission rules and by statute. See Tex. Nat. Res. Code Ann. title 3, subtitle
B, ch. 89 (West 1993). At all times material to this suit, Robert Seglem was president of Triax and Marian
Seglem served as an officer and director. On February 2, 1993, the corporate charter of Triax was
forfeited for failure to file a current year franchise tax report. 

 After determining that the Triax wells were in violation of certain rules and statutes, the
Commission sent written notice of a hearing to determine the extent of violations and sanctions to be
assessed under the Natural Resources Code. The notice was dated December 3, 1992, and sent by
certified mail. On December 9, the return receipt was signed on behalf of Triax. That Triax received notice
of the initial hearing is not in dispute.

 On January 14, 1993, the Commission held the hearing at which Triax failed to appear. 
In May, the Commission authorized the use of State funds to plug the wells, which was done in June at a
cost of $21,770.25. On August 30, the Commission issued an order assessing $6,000 in administrative
penalties and demanding that the wells be plugged. The next day, the Commission sent a letter notifying
Triax of the order and specifying that the order would not become final until twenty days after the date of
the letter or, if a motion for rehearing were filed, the order would not become final until such motion was
overruled.

 Robert Seglem sent a letter to the Commission on September 8, 1993. The letter
requested a rehearing, emphasizing Robert's health problems and his lack of awareness that the
Commission had assessed penalties against Triax. Both parties have treated this letter as a motion for
rehearing. The Commission denied the motion on October 11, 1993.

 In September of 1995, the State brought suit in district court to enforce the Commission's
final order assessing $6,000 in administrative penalties, to seek civil penalties for failure to abide by the
order, and to request court costs, attorneys' fees, and reimbursement for the expense of plugging the wells. 
See Tex. Nat. Res. Code Ann. §§ 85.381, .383, 89.083 (West 1993); Tex. Gov't Code Ann. § 402.026
(West 1990). The State also sued under the Tax Code to hold the Seglems, as directors and officers,
answerable for all liabilities of Triax due to the forfeiture of the corporate charter. See Tex. Tax Code Ann.
§ 171.255 (West 1992). The district court rendered a take-nothing judgment against the State on all of
its claims.

 The State appeals in five points of error. In points of error one through three, the State
claims that the district court erred in finding that it was not entitled to administrative and civil penalties,
attorneys' fees, and court costs against Triax and against Robert and Marian Seglem individually, and in
finding that the Seglems did not have sufficient notice of the agency's denial of the motion for rehearing. 
In its fourth and fifth points of error, the State claims that the district court erred in finding that it was not
entitled to recover reimbursement costs for plugging from Triax, and that the Commission should have
accepted the equipment alleged to have been offered by Robert on behalf of Triax in order to offset the
Commission's expenses.


DISCUSSION


 We first determine whether the Seglems individually are liable for any assessment against
Triax. The State seeks to hold the Seglems responsible in their capacities as officers of Triax for all of the
penalties, expenses, and fees. The Tax Code provides that each director or officer of a corporation is liable
for debts incurred on behalf of the corporation after the date the franchise tax report was due and before
any corporate privileges were revived. See id. The franchise tax report was due on May 15, 1992, and
was not filed. The events at issue happened after that date, and no corporate privileges have been revived. 
Since it is undisputed that the Seglems were and are officers of Triax, we hold they are liable for any debt
of Triax to the State arising from the final order of the Commission and these proceedings. See Jonnet v.
State, 877 S.W.2d 520 (Tex. App.--Austin 1994, writ denied). Appellant's point of error two is
sustained. 

 The State next contends the district court's judgment that the State could not collect
administrative penalties against Triax was an improper collateral attack on the Commission's final order. 
We agree.

 It is well established that an agency's final order, like the final judgment of a court of law,
is immune from collateral attack. See Alamo Express, Inc. v. Union City Transfer, 309 S.W.2d 815,
827 (Tex. 1958) (concluding that collateral attack on Railroad Commission order was impermissible
because administrative statutes provided sole method of attack); Public Util. Comm'n v. Allcom Long
Distance, 902 S.W.2d 662, 666 (Tex. App.--Austin 1995, writ denied). In the present case, the district
court apparently concluded that the agency's order was not final because appellees did not receive notice
that the motion for rehearing had been overruled.

 The record reveals that the agency sent a denial of the motion for rehearing by certified mail
on October 11, 1993. However, as we explained in Hernandez v. Texas Dep't of Ins., a party is charged
with the knowledge that the motion for rehearing is overruled by operation of law at forty-five days even
if a letter denying the hearing is not received, and the Commission is under no obligation to inform the party
that the motion has been overruled. 923 S.W.2d 192, 195 (Tex. App.--Austin 1996, no writ). Once the
motion is overruled, the party may seek its judicial remedies.

 Appellees did not seek judicial review of the agency's final order. As the State points out,
unless the order is directly attacked by the aggrieved party in an action brought for that purpose, the
substance of the order is not subject to subsequent attack. We have specifically held that a final order of
the Commission that is valid on its face is not subject to collateral attack in a subsequent enforcement
proceeding. Jolly v. State, 856 S.W.2d 859, 861 (Tex. App.--Austin 1993, writ denied). Even valid
defenses to the substance of an enforcement order are not permitted if the final order is not appealed. Id.

 Here, the State sought to enforce a final agency order the validity of which is unaffected
by the fact that appellees may not have received the letter from the Commission denying the motion for
rehearing. The imposition of the $6,000 administrative penalty is part of the final order and cannot be
attacked. It was therefore error for the district court to refuse to enforce the order. We render judgment
for the State of administrative penalties amounting to $6,000 as specified in the Commission's final order.

 The State further requests civil penalties against Triax for its failure to comply with the
Commission's final order. Though neither party briefs the distinction between civil and administrative
penalties, they are different in kind. The agency's discretion to impose administrative penalties under the
Natural Resources Code, section 81.0531, is complete, and it may sue to collect the amount assessed in
a final order. See Tex. Nat. Res. Code Ann. §§ 81.0531, .0534 (West 1993). Civil penalties are distinct,
and may be sought as an additional sanction for failure to abide by a final order issued by the Commission
or for contempt of Commission rules or applicable laws. To claim civil penalties under sections 85.381
and 89.121, however, the State must bring suit. See id. §§ 85.383, .381, 89.121. The State did seek
such penalties in this action, but the district court apparently refused to consider the claim because of its
decision invalidating the final order. We hold that the State should have been able to proceed in seeking
such penalties.

 Likewise, the Government Code clearly provides that the State is entitled to recover
reasonable attorneys' fees and court costs in cases where the State is entitled to penalties and damages. 
See Tex. Gov't Code Ann. § 402.006(c) (West 1990). Therefore, in this case we hold that on remand
the State is entitled to reasonable attorneys' fees and court costs. Because we find that the district court
improperly attacked the final order, that the State may pursue civil penalties, and that the State is entitled
to attorneys' fees and court costs, appellant's points of error one and three are sustained.

 In its fourth and fifth points of error, the State argues that it was error for the district court
to conclude as a matter of law that it is not entitled to recover the costs of plugging the subject wells, that
the Commission should have accepted oil and gas equipment allegedly tendered by Robert Seglem, and
that the value of the equipment sufficed to offset the expense to the Commission of plugging the wells.

 Pursuant to statute, the Commission may sue to recover the reasonable costs of plugging
wells when an operator has failed to do so in accordance with agency rules or the laws of Texas. See Tex.
Nat. Res. Code Ann. § 89.083 (West 1993). The agency has sought to recover such costs in the present
suit, and has presented clear evidence of the expenses it incurred in plugging the well. The itemized
expenses, including an unforeseen collapse of one of the wells that increased the cost of plugging the wells,
came to $21,770.35. We hold that the Commission is entitled to recover reasonable expenses; and in the
suit brought for that purpose the Commission has introduced evidence that expenses were in fact incurred. 
The Commission has properly pursued a cause of action that is clearly granted by statute.

 The remaining issue, then, is whether the Commission had any obligation to accept the
equipment allegedly tendered by appellee Robert Seglem as an offset to its expenses. The district court
apparently denied the claims for plugging expenses because it found that the Commission had breached an
obligation to appropriate certain oil and gas well equipment offered by appellee Robert Seglem, and that
such equipment would have offset the State's expenses. We find that the State had no such obligation and
is entitled to recover reasonable expenses in this action.

 The district court concluded as a matter of law that the Commission was "negligent" in not
exercising control over the proffered equipment, though it states the nature of the obligation to do so in
contract terms. We will examine the purported obligation in both contract and negligence terms.

 In order for the Commission to have been negligent in failing to take control of the
equipment, it must have had a duty to do so. See Greater Houston Transp. Co. v. Phillips, 801 S.W.2d
523, 525 (Tex. 1990). Neither appellees nor the district court provide an account of such a duty either
in the statutes or in the common law, and we find none. The statute in force at the time did not impose a
duty on the Commission to take well-site equipment in order to offset costs. Act of May 22, 1989, 71st
Leg., R.S., ch. 755, § 1, 1989 Tex. Gen. Laws 3339, 3339 (since amended by Act of May 18, 1993, 73d
Leg., R.S., ch. 515, § 4, 1993 Tex. Gen. Laws 1942, 1944). To the contrary, the Attorney General was
required to bring suit seeking declaratory judgment that the Commission was entitled to the equipment
before the Commission could take such equipment. Id. Nothing in the language of section 89.085 as it was
in 1993 or as it is today imposes a duty on the Commission to appropriate abandoned equipment and apply
its value toward the cost of plugging the wells. Id. The 1993 statute only provided procedures to be
followed if the Commission wished to appropriate such equipment. Moreover, section 89.083 specifically
contemplates that money is to be recovered in a suit for expenses, not chattel. See Tex. Nat. Res. Code
Ann. § 89.083(d). The fact that Robert Seglem indicated in a letter that the Commission could take the
equipment and apply it toward the plugging costs does not impose upon the Commission a duty to do so. 
Finding no duty to accept or to exercise control over the equipment, we find no breach of duty and cannot
say that the Commission was negligent in failing to exercise control over the equipment.

 The district court's conclusions of law also imply that the Commission incurred a
contractual obligation to accept the equipment. The obligation purportedly arises because the Commission
failed to respond to the letter in which appellee Robert Seglem says, "I would give all the equipment to the
plugging company," leading him to reasonably believe that the letter settled any obligation he had to the
Commission. However, silence does not normally indicate acceptance of an offer, see Restatement
(Second) of Contracts §§ 69, 70 (1981); 17 C.J.S. Contracts § 41(e) at 670 (1963). Neither is there any
other reason to conclude that the Commission agreed to accept any equipment as a credit against the debt
owed by the Seglems. Having discovered no other basis on which the Commission could be obligated to
accept the equipment, we sustain appellant's fourth point of error. Because the Commission did not breach
any duty to otherwise offset the plugging costs, the State may pursue its claims for reasonable plugging
expenses. Point of error five is sustained.


CONCLUSION

 We first conclude that Robert Seglem and Marian Seglem individually are liable for any
debt of Triax with regard to these proceedings. We further conclude that the take-nothing judgment against
the State with respect to administrative penalties was error in that it constituted a collateral attack on a final
agency order, and we therefore render judgment for the State in the amount of $6,000. We also remand
a portion of this cause so that the State may pursue additional civil penalties, attorneys' fees, and court
costs. We hold that the Commission was under no obligation to accept the equipment tendered by Robert
Seglem, and because the State is entitled to reasonable costs of plugging the wells, we remand that portion
of the cause to the district court to determine the reasonableness of the expenses incurred by the State.



 

 Bea Ann Smith, Justice

Before Justices Powers, Aboussie and B. A. Smith

Reversed and Rendered in Part; Reversed and Remanded in Part

Filed: March 26, 1998

Publish



offset to its expenses. The district court
apparently denied the claims for plugging expenses because it found that the Commission had breached an
obligation to appropriate certain oil and gas well equipment offered by appellee Robert Seglem, and that
such equipment would have offset the State's expenses. We find that the State had no such obligation and
is entitled to recover reasonable expenses in this action.

 The district court concluded as a matter of law that the Commission was "negligent" in not
exercising control over the proffered equipment, though it states the nature of the obligation to do so in
contract terms. We will examine the purported obligation in both contract and negligence terms.

 In order for the Commission to have been negligent in failing to take control of the
equipment, it must have had a duty to do so. See Greater Houston Transp. Co. v. Phillips, 801 S.W.2d
523, 525 (Tex. 1990). Neither appellees nor the district court provide an account of such a duty either
in the statutes or in the common law, and we find none. The statute in force at the time did not impose a
duty on the Commission to take well-site equipment in order to offset costs. Act of May 22, 1989, 71st
Leg., R.S., ch. 755, § 1, 1989 Tex. Gen. Laws 3339, 3339 (since amended by Act of May 18, 1993, 73d
Leg., R.S., ch. 515, § 4, 1993 Tex. Gen. Laws 1942, 1944). To the contrary, the Attorney General was
required to bring suit seeking declaratory judgment that the Commission was entitled to the equipment
before the Commission could take such equipment. Id. Nothing in the language of section 89.085 as it was
in 1993 or as it is today imposes a duty on the Commission to appropriate abandoned equipment and apply
its value toward the cost of plugging the wells. Id. The 1993 statute only provided procedures to be
followed if the Commission wished to appropriate such equipment. Moreover, section 89.083 specifically
contemplates that money is to be recovered in a suit for expenses, not chattel.