Affirmed and Opinion filed March 22, 2005









Affirmed and Opinion filed March 22, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00131-CV

____________

 

ADVANTAGE PHYSICAL
THERAPY, INC.,
Appellant

 

V.

 

LEONARD CRUSE,
INDIVIDUALLY AND D/B/A CRUSE AND ASSOCIATES, Appellee

 



 

On Appeal from the County
Court at Law No. 3

Galveston County, Texas

Trial Court Cause No. 48,388

 



 

O P I N I O N

Appellant appeals the trial court=s take nothing
judgment in favor of appellee.  Appellant
raises the following three issues on appeal: 
(1) whether a letter of protection can ever be a contract; (2) whether
the letter of protection in this case is a contract; and (3) whether the trial
court committed reversible error in holding the letter of protection in this
case is not an enforceable contract.  We
affirm.








Factual and
Procedural Background

Appellant, Advantage Physical Therapy,
Inc. (AAPT@), provided
physical therapy services to Diana Kinnebrew for injuries she sustained in an
automobile accident.  Kinnebrew later retained
appellee, Leonard Cruse, to represent her in a suit to recover damages arising
from the automobile accident.  During the
pendency of Kinnebrew=s suit, Cruse sent an unsolicited letter
of protection to APT.  The letter of
protection, dated June 25, 1998, states, AThis is to advise
that the balance of $2,328 due you from my client [Kinnebrew] in respect to
medical treatment provided to her in respect to injuries that she sustained in
a car wreck on [January 17, 1997] will be protected out of any recovery made
against the responsible party and/or her liability insurance carrier.@  

In 2000, Kinnebrew=s case was tried
to a jury, and Kinnebrew recovered $3,506.00 in damages.  Cruse used the proceeds of the judgment to
satisfy Kinnebrew=s outstanding debt to him, $2,730.41 in
out-of-pocket expenses Cruse incurred in prosecuting Kinnebrew=s case and
$1,402.40 in legal fees.  Cruse=s expenses and
fees exceeded the total amount of the judgment. 

          APT attempted to contact Cruse on
several occasions in 2000 to determine the status of Kinnebrew=s case.  In late January 2001, APT learned from Cruse
that Kinnebrew had recovered approximately $3,000 in her suit.  

In February 2001, APT=s attorney sent
Cruse a letter seeking payment of the $2,328.00 amount due APT based upon Cruse=s June 25, 1998
letter of protection.  Cruse responded
with a letter explaining there were no funds to distribute to APT because
Kinnebrew=s case expenses and his attorney=s fees had
produced a negative net recovery.  APT=s attorney sent a
second letter to Cruse in July 2001, again demanding payment of the $2,328.00
amount allegedly owed to APT.








In September 2001, APT filed suit against
Cruse, individually and d/b/a Cruse and Associates, alleging Cruse promised to
pay APT the sum of $2,328.00 upon the receipt of funds from the Kinnebrew
lawsuit but instead kept the funds for himself. 
After a two-day bench trial, the trial court signed a take nothing
judgment in favor of Cruse.  The trial
court issued findings of fact and conclusions of law.[1]  

On appeal, APT challenges the trial court=s findings of fact
and conclusions of law concerning Cruse=s letter of
protection.  Specifically, APT challenges
finding of fact number four which states, AThe Letter of
Protection was (a) not a contract between [APT] and [Cruse], and (b) was not
enforceable as a contract against [Cruse].@  APT also challenges conclusion of law number
three which states, AThe Letter of Protection was neither a
contract and [sic] nor enforceable as a contract against [Cruse].@  Additionally, APT argues the trial court
committed reversible error in not addressing the question of whether Cruse
breached the letter of protection and asserts there is sufficient evidence to
show a breach of contract occurred.

Discussion

A.      Findings
of Fact and Conclusions of Law

1.       Findings
of Fact








Findings of fact in a bench trial have the
same force and dignity as a jury=s verdict upon
jury questions.  City of Clute v. City
of Lake Jackson, 559 S.W.2d 391, 395 (Tex. Civ. App.CHouston [14th
Dist.] 1977, writ ref=d n.r.e.). 
When challenged on appeal, the findings are not conclusive if there is a
complete reporter=s record, as there is here.  In re K.R.P., 80 S.W.3d 669, 673 (Tex.
App.CHouston [1st
Dist.] 2002, pet. denied).  The trial
court is the sole judge of the credibility of the witnesses and the weight to
be given their testimony.  Barrientos
v. Nava, 94 S.W.3d 270, 288 (Tex. App.CHouston [14th
Dist.] 2002, no pet.).  The trial court=s findings will
not be disturbed if there is evidence of probative force to support them.  Id. 
A trial court=s findings are reviewable for legal and
factual sufficiency of the evidence by the same standards that are applied in
reviewing evidence supporting a jury=s answer.  Catalina v. Blasdel, 881 S.W.2d 295,
297 (Tex. 1994).

2.       Conclusions
of Law

          We review the trial court=s conclusions of
law de novo.  Smith v. Smith, 22
S.W.3d 140, 143B44 (Tex. App.CHouston [14th
Dist.] 2000, no pet.).  Under de novo
review, the reviewing court exercises its own judgment and redetermines each
legal issue.  Quick v. City of Austin,
7 S.W.3d 109, 116 (Tex. 1998).  We will
uphold conclusions of law on appeal if the judgment can be sustained on any
legal theory the evidence supports.  Waggoner
v. Morrow, 932 S.W.2d 627, 631 (Tex. App.CHouston [14th
Dist.] 1996, no writ).  Incorrect
conclusions of law do not require reversal if the controlling findings of fact
support the judgment under a correct legal theory.  Id.

B.      The
Trial Court=s Findings and Conclusions Regarding the
Letter of Protection

APT contends no evidence supports the
trial court=s finding that no enforceable agreement
existed.  APT asserts Cruse=s testimony at
trial that he thought the amount of recovery in the Kinnebrew suit too small to
justify paying APT anything conclusively establishes an agreement existed.  APT also argues the letter of protection
guaranteed Cruse=s payment of the $2,328.00 owed to APT and
meets all of the requirements of a contract. 
APT further contends the trial court committed reversible error by not
addressing the question of whether Cruse breached the letter of
protection.  In response, Cruse asserts
the letter of protection is not an enforceable contract because there was no
acceptance, delivery, consideration, or execution of the letter of
protection.  Cruse further contends the
trial court implicitly found and concluded there was no breach by Cruse.








To prove an action for breach of contract,
a plaintiff must establish the existence of an enforceable contract.  See Wright v. Christian & Smith,
950 S.W.2d 411, 412 (Tex. App.CHouston [1st
Dist.] 1997, no writ) (listing elements of breach of contract action and
including Athe existence of a valid contract@ as one of the
necessary elements).  The elements of the
an enforceable contract are: (1) an offer; (2) an acceptance in strict
compliance with terms of offer; (3) a meeting of the minds; (4) a communication
that each party consented to the terms of the contract; (5) execution and
delivery of the contract with an intent it become mutual and binding on both
parties; and (5) consideration.  Angelou
v. African Overseas Union, 33 S.W.3d 269, 278 (Tex. App.CHouston [14th Dist.]
2000, no pet.).  Whether the parties
reached an agreement is a question of fact. 
Beal Bank, S.S.B., v. Schleider, 124 S.W.3d 640, 653 n.8 (Tex.
App.CHouston [14th
Dist.] 2003, pet. denied).  Whether an
agreement is legally enforceable is a question of law.  Id; see also Gaede v. SK
Investments, Inc., 38 S.W.3d 753, 757B58 (Tex. App.CHouston [14th
Dist.] 2001, pet. denied) (AWhether an
agreement constitutes a valid contract is generally a legal determination for
the court.  However, whether parties intended
to make a contractual agreement is usually a fact issue for the jury.@ (internal
citations omitted)). 

ALetters of
protection@ are sometimes used by attorneys in
personal injury litigation to guarantee payment to healthcare providers from the
proceeds of any future recovery.  See,
e.g., Sealift v. Satterly, No. 14-03-00051-CV, 2003 WL 21664672, at *3 n.2
(Tex. App.CHouston [14th Dist.] July 17, 2003, no
pet.) (mem. opinion); Brown v. Comm=n for Lawyer
Discipline, 980 S.W.2d 675, 678 (Tex. App.CSan Antonio 1998,
no pet.); Belt v. Comm=n for Lawyer
Discipline, 970 S.W.2d 571, 573 (Tex. App.CDallas 1997, no
pet.).  In Sealift, this court
analyzed whether an unsolicited letter of protection was an enforceable
contract and concluded as follows:








First, there are a multitude of
reasons why this letter of protection does not constitute a contract.   Foremost is the fact that Satterly never
accepted an offer by Fairbanks= lawyers.  Sealift=s lawyers acknowledged in the trial
court that Satterly did not solicit the letter. 
Further, no evidence exists showing he responded to the correspondence
in any way.  The only action Sealift
points to is Satterly=s listing of Fairbanks= law firm as an additional insurer
of medical bills on claim forms filed with his insurance company.  This does not constitute acceptance.

2003 WL 21664672, at *3 (footnote omitted).  Sealift involved an interlocutory
appeal challenging the grant of a special appearance, and the issue was whether
a letter of protection between a Missouri resident and a Texas law firm was
sufficient to establish jurisdiction in Texas. 
The court ultimately concluded the letter of protection, even if it
was an enforceable contract, did not establish jurisdiction.  Id. at *3.

Cruse compares the facts of this case to Sealift
and argues the unsolicited letter of protection here is not an enforceable
contract because APT did not accept the letter of protection.  APT counters that it accepted the letter of
protection by conduct. 

During trial, defense counsel asked APT=s president, Becky
Gregory, AWhen you got [the June 25, 1998 letter of
protection], did you write Mr. Cruse back and say, >This is fine,= or >This is okay with
us,= or, >Keep us informed?=  Did you write anything back accepting this or
saying, >Yes, this is fine.=?@  Gregory answered, ANot to my
knowledge.@  On
appeal, APT concedes it never accepted the letter in writing.  Instead, APT contends acceptance of the
letter of protection is evidenced by the following conduct:  (1) handwritten notes by APT=s staff of phone
calls APT made to Cruse=s office in 2000 and 2001 inquiring about
the status of Kinnebrew=s case; and (2) APT=s decision not to
sue Kinnebrew for her unpaid bill. 

          This conduct does not constitute
acceptance of the letter of protection. 
First, the phone calls made by APT to Cruse=s office inquiring
about the status of Kinnebrew=s case were not
made until almost two years after Cruse sent the letter of protection to APT.  Additionally, the phone log introduced into
evidence does not evidence a clear and definite communication of acceptance by
APT of Cruse=s letter of protection.  Rather, the log shows the calls APT=s staff made to
Cruse=s office were
merely status inquiries.  Second, with
regard to APT=s decision not to sue Kinnebrew, Cruse had
no way of knowing of APT=s decision not to sue Kinnebrew.  Therefore, APT=s conduct of not
pursuing collection efforts against Kinnebrew may not constitute
acceptance.  








 It
is well-settled that a binding contract must have an offer and an acceptance,
and the offer must be accepted in strict compliance with its terms.  See American Nat=l Ins. Co. v.
Warnock, 131 Tex. 457, 114 S.W.2d 1161, 1164 (1938); Angelou, 33 S.W.3d
at 278.  The parties must have a meeting
of the minds, and each party must communicate its consent to the terms of the
agreement.  The offer must be clear and
definite just as there must be a clear and definite acceptance of all terms
contained in the offer.  See Angelou,
33 S.W.3d at 278.  To form a binding
contract, the party to whom the offer is made must accept such offer and
communicate such acceptance to the person making the offer.  See id. at 279.

          An acceptance is not binding until
delivered to the offeror.  See Jatoi
v. Park Ctr., Inc., 616 S.W.2d 399, 400B401 (Tex. Civ.
App.CFort Worth 1981,
writ ref=d n.r.e.).  AAn acceptance
which resides solely within the exclusive knowledge of the acceptor without
being communicated to the offeror is ordinarily no binding acceptance.@  Id. at 401; see also State v. Triax
Oil & Gas, Inc., 966 S.W.2d 123, 128 (Tex. App.CAustin 1998, no
pet.) (recognizing Asilence does not normally indicate
acceptance of an offer@); Restatement
(Second) of Contracts ' 69(1), cmt. a
(1981) (listing three situations in which silence may operate as acceptance,
none of which are applicable here, and stating A[a]cceptance by
silence is exceptional@). 
An offeree=s power of acceptance is terminated at the
time specified in the offer, or if no time is specified, it is terminated at
the end of a reasonable time.  See
Valencia v. Garza, 765 S.W.2d 893, 897 (Tex. App.CSan Antonio 1989,
no writ) (AReasonable time depends on the
circumstances in each case, including the nature and character of the thing to
be done and the difficulties surrounding and attending its accomplishment and
is generally for the jury [factfinder].@); Restatement (Second) of Contracts ' 41(1) (1981) (AAn offeree=s power of
acceptance is terminated at the time specified in the offer, or, if no time is
specified, at the end of a reasonable time.@).  








The record shows an acceptance of the
letter of protection by APT was never communicated to Cruse.  The absence of an acceptance communicated by
APT to Cruse  within a reasonable time
renders the letter of protection unenforceable. 
See Jatoi, 616 S.W.2d at 400B01.  Only APT, the offeree, had the power to
provide the critical element of acceptance of Cruse=s offer.  Even if all of the other elements required
for the formation of a binding contract were present here, the lack of an
acceptance is fatal to the formation of a contract. 

We conclude the trial court=s findings of fact
are supported by evidence of probative force, and we uphold the trial court=s conclusion of
law that the letter of protection was not enforceable as a contract.  Because the letter of protection is
unenforceable as a contract, we need not address APT=s remaining issues
concerning whether Cruse breached the letter of protection or whether there is
sufficient evidence to show a breach occurred. 
Accordingly, we overrule issues one,[2]
two, and three.

Conclusion

The judgment of the trial court is
affirmed.

 

 

/s/      John S. Anderson

Justice

 

 

Judgment
rendered and Opinion filed March 22, 2005.

Panel
consists of Justices Yates, Anderson, and Hudson.











[1]  The trial
court=s findings of fact and conclusions of law state that
any finding of fact which may be mislabeled and constitute a conclusion of law
is adopted as a conclusion of law, and any conclusion of law which may be
mislabeled and constitute a finding of fact is adopted as a finding of fact.





[2]  APT=s first issue seeks an advisory opinion, inquiring, AWhether a letter of protection can ever be a contract?@  An advisory
opinion decides an abstract question of law without binding the parties.  See Hays County v. Hays County Water
Planning P=ship, 106
S.W.3d 349, 358 (Tex. App.CAustin 2003, no pet.). 
We are prohibited from rendering advisory opinions.  Accordingly, we may not address APT=s first issue.