**Opinion filed December 15, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00010-CV
_____

## DAVID HENRY DISRAELI, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 353rd District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GV-09-000753**

## MEMORANDUM OPINION

Appellant, David Henry Disraeli, filed an application with the Texas State Securities Board to become an investment advisor. After a hearing before an administrative law judge, the securities commissioner entered an order denying appellant's application and asserting 48% of the cost of transcription of the hearing against him. Appellant did not appeal the denial or the assessment of the transcription cost. The attorney general brought suit on behalf of the securities board under Section 2001.202 of the Texas Government Code to recover the costs of the transcription of the hearing. TEX. GOV'T CODE ANN. § 2001.202 (West 2008). The trial court granted a summary judgment motion filed by the State and awarded the State $2,474.04 of transcription costs. This is an appeal of that judgment. We affirm.

In a traditional motion for summary judgment, a movant has to establish that there is no material fact issue and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a. Evidence favorable to a nonmovant will be taken as true, and every reasonable inference will be drawn in his favor, with any doubts resolved in his favor as well. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). A plaintiff who moves for summary judgment must show entitlement to summary judgment as a matter of law on each element of his cause of action. *Fry v. Comm'n for Lawyer Discipline*, 979 S.W.2d 331, 334 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

Appellant advances three points of error that attack some aspect of the securities board's order in this case and are thus collateral attacks on the judgment. *See* BLACK'S LAW DICTIONARY 298 (9th ed. 2004). An order of an administrative board, like a final judgment of a court of law, is immune from collateral attack. *Pub. Util. Comm'n of Tex. v. Allcomm Long Distance, Inc.*, 902 S.W.2d 662, 666 (Tex. App.—Austin 1995, writ denied). Appellant had the option of appealing the agency's ruling, but chose not to. *See* Section 2001.176. Because the order of the securities board was valid on its face, it could not be attacked in this enforcement proceeding. *See State v. Triax Oil & Gas, Inc.*, 966 S.W.2d 123, 126 (Tex. App.—Austin 1998, no pet.) (final order of Railroad Commission valid on its face not subject to collateral attack in a subsequent enforcement proceeding).

In this case, the State showed its entitlement to summary judgment on all the elements of the cause of action. The State was required to show that there was a final order issued by an agency, and it did so. Section 2001.202. Appellant has not contested the fact that he has not paid the transcription cost. Appellant's three points of error are overruled.

The judgment of the trial court is affirmed.


ERIC KALENAK
JUSTICE

December 15, 2011

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.