Opinion filed December 15,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00010-CV

                                                    __________

 

                              DAVID
HENRY DISRAELI, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                  On
Appeal from the 353rd District Court

                                                            Travis
County, Texas

                                           Trial Court
Cause No. D-1-GV-09-000753

 



 

                                            M
E M O R A N D U M   O P I N I O N

Appellant, David Henry Disraeli, filed an application with
the Texas State Securities Board to become an investment advisor.  After a
hearing before an administrative law judge, the securities commissioner entered
an order denying appellant’s application and asserting 48% of the cost of
transcription of the hearing against him.  Appellant did not appeal the denial
or the assessment of the transcription cost.  The attorney general brought suit
on behalf of the securities board under Section 2001.202 of the Texas Government
Code to recover the costs of the transcription of the hearing.  Tex. Gov’t Code Ann. § 2001.202 (West
2008).  The trial court granted a summary judgment motion filed by the State
and awarded the State $2,474.04 of transcription costs.  This is an appeal of
that judgment.  We affirm.

In a traditional motion for summary judgment, a movant has to
establish that there is no material fact issue and that the movant is entitled
to judgment as a matter of law. Tex. R.
Civ. P. 166a.  Evidence favorable to a nonmovant will be taken
as true, and every reasonable inference will be drawn in his favor, with any
doubts resolved in his favor as well.  Nixon v. Mr. Prop. Mgmt. Co.,
690 S.W.2d 546, 548-49 (Tex. 1985).  A plaintiff who moves for summary judgment
must show entitlement to summary judgment as a matter of law on each element of
his cause of action.  Fry v. Comm’n for Lawyer Discipline, 979 S.W.2d
331, 334 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

Appellant advances three points of error that attack some
aspect of the securities board’s order in this case and are thus collateral
attacks on the judgment.  See Black’s
Law Dictionary 298 (9th ed. 2004).  An order of an administrative board,
like a final judgment of a court of law, is immune from collateral attack.  Pub.
Util. Comm'n of Tex. v. Allcomm Long Distance, Inc., 902 S.W.2d 662, 666
(Tex. App.—Austin 1995, writ denied).  Appellant had the option of appealing
the agency’s ruling, but chose not to.  See Section 2001.176.  Because
the order of the securities board was valid on its face, it could not be
attacked in this enforcement proceeding.  See State v. Triax Oil & Gas,
Inc., 966 S.W.2d 123, 126 (Tex. App.—Austin 1998, no pet.) (final order of
Railroad Commission valid on its face not subject to collateral attack in a
subsequent enforcement proceeding).  

In this case, the State showed its entitlement to summary
judgment on all the elements of the cause of action.  The State was required to
show that there was a final order issued by an agency, and it did so.  Section
2001.202.  Appellant has not contested the fact that he
has not paid the transcription cost.  Appellant’s three points of error are
overruled.

The judgment of the trial court is affirmed.

 

 

                                                                                                ERIC
KALENAK

                                                                                                JUSTICE

December
15, 2011

Panel consists of:  Wright, C.J.,

McCall, J., and Kalenak, J.